### THE CITY OF LOWELL *vs.* THOMAS SPAULDING.

Where a town was compelled to pay damages, for an injury resulting from a defect in a highway, occasioned by the want of repair of a cellar way constructed in the sidewalk, and leading to a building adjoining thereto, which was in the occupation of a tenant; it was held, that the occupant and not the owner was liable to the town for such damages. But if, in such case, there had been an express agreement between the landlord and tenant, that the former should keep the premises in repair, then to avoid circuity of action, the landlord would be liable in the first instance.

THIS was an action on the case to recover of the defendant the sum of $2800, paid by the plaintiffs for an injury caused by a defect in a public highway, which was occasioned, as the plaintiffs alleged, by the negligence of the defendant. The trial was before *Metcalf,* J.

The declaration alleged, that the defendant constructed a passage way across Merrimack street, a public highway in Lowell, which the plaintiffs were bound by law to keep in repair; which passage way was of the depth of ten feet and of the width of eight feet, and led to the cellar of a building belonging to the defendant, and abutting on Merrimack street; and that the defendant suffered the platform or covering of the passage way to be and remain out of repair, and in an insecure and dangerous condition, in consequence

of which two persons, while passing on foot through Merri-mack street in the night time, fell into the passage way and received injuries, for which the plaintiffs were sued and obliged to pay damages and costs; and that the defendant had been requested to indemnify the plaintiffs, but had refused so to do.

The presiding judge ruled, that upon the facts set forth in the declaration, if proved, the plaintiffs would not be entitled to recover; but suffered the case to proceed, and evidence to be introduced, on the part of the plaintiffs, to be reported for the consideration of the whole court.

Among the facts in evidence, it is only material to state, that the defect mentioned in the declaration was a cellar way leading into the cellar of a house owned by the defendant, and occupied by his tenants; that the cellar way extended into the sidewalk of Merrimack street, about eight feet from the building, and was about six feet wide; that the door covering it had become loose, so that a person stepping on one part of it might be precipitated into the cellar; that the accident complained of happened in that way; and that the defendant did not live in Lowell at the time the accident happened.

The case was argued at the sittings in Boston, in January last.

*S. Ames*, city solicitor, for the plaintiffs.

*J. G. Abbott*, for the defendant.

SHAW, C. J. The city of Lowell, having been obliged to pay damages to a party injured through a defect in one of the highways therein, arising from the want of repair of a sidewalk, now seek their remedy to recover single damages of the defendant, as the owner of the estate, the sidewalk of which was defective. This case would be similar in principle to the case of *Lowell* v. *Short*, next preceding, if the defendant was bound to repair. But it appears from the facts stated, that the defendant had only a reversion in the estate, and that the tenements were in the actual occupation of his tenants.

By the common law, the occupier and not the landlord is

bound, as between himself and the public, so far to keep buildings in repair, that they may be safe for the public; and such occupier is *prima facie* liable to third persons for damages arising from any defect. *Regina* v. *Watts*, 1 Salk. 357; S. C. 2 Ld. Raym. 856; S. C. 3 Ld. Raym. 18; *Cheetham* v. *Hampson*, 4 T. R. 318. If, indeed, there be an express agreement between landlord and tenant, that the former shall keep the premises in repair, so that in case of a recovery against the tenant, he would have his remedy over, then to avoid circuity of action, the party injured by the defect and want of repair, may have his action in the first instance against the landlord. *Payne* v. *Rogers*, 2 H. Bl. 350. But such express agreement must be distinctly proved. *Judgment for the defendant.*