JOSIE WILLIAMS, RESPONDENT, v. PHILIP FENSTER, APPELLANT.

Submitted May 14, 1926—Decided November 11, 1926.

F. leased to W. certain premises including the right to use, in common, a toilet. At the time of letting, the toilet was in disrepair. F. agreed to repair it but did not finish the repairs, W. was injured by a collapse of the floor and instituted an action for breach of the agreement to repair, to recover damages for personal injuries. W. was awarded a judgment by the trial court. Upon review, *held*, that the judgment was erroneously entered, as the damages sustained by W. were not those which naturally follow from a breach of a contract to repair, and were not those which the parties had in mind at the time of entering into the contract.

On appeal from a judgment of the First District Court of the city of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Levy, Fenster & McCloskey*.

For the respondent, *George A. Douglass*.

The opinion of the court was delivered by

KATZENBACH, J.   This is an appeal from a judgment of the First District Court of the city of Newark rendered in favor of the plaintiff below (hereinafter referred to as the plaintiff or tenant). The action was one by a tenant against her landlord. It was instituted to recover damages for personal injuries received by the plaintiff. It was not, however, a tort action but was a contract action based upon the alleged failure of the landlord to make repairs to the floor of a toilet which collapsed when the plaintiff was using the toilet. By the collapse the plaintiff was injured. The premises were in Newark. They constituted the living quarters for one family in a two-family house with a single toilet for both apartments located in the yard of the premises.

This toilet, at the time of the letting, was out of repair. The landlord agreed to repair it. The tenant upon this promise entered into the occupation of the premises. The landlord repaired the locks on the toilet but did not repair the floor. The accident occurred some months after the tenancy had commenced. For the injuries the plaintiff received the District Court awarded her as damages $150 upon the theory of a breach of the contract to repair. From the judgment thus rendered the landlord has appealed.

We have reached the conclusion that this judgment cannot be sustained. It was not a case based on the negligence of the landlord where the tenant was injured in the use of a part of the leased premises used in common with other tenants and over which the landlord had reserved the right of control. The claim of the plaintiff rests entirely upon an alleged breach of a contract to repair. If an action for negligence had been instituted the plaintiff would have been prevented from recovery by her negligence in the use of the toilet which she knew had been out of repair for months and but for the use of which the accident would not have happened. To escape this pitfall the action was instituted as one for damages for breach of a contract to repair. The plaintiff is empaled upon the second horn of the dilemma. In a contract action it is well settled that the damages are those which naturally follow from a breach of the contract. The damages must also be those which the parties had in mind at the time of entering into the contract. Damages for personal injuries fall outside of these classes. The leading case on this branch of the law is *Hadley* v. *Baxendale,* 26 *Eng. L. & Eq.* 398, where the court said:

"Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive, in respect to such breach of contract, should be either such as may, fairly and reasonably, be considered arising naturally, *i. e.*, according to the usual course of things, from said breach of contract itself, or such as may reasonably be supposed to have been in contemplation of the parties at the time they made the contract, as the probable result of a breach of it."

A few cases are cited by the respondent (defendant below) to support her theory. One is *Miles* v. *Janvrin,* 200 *Mass.* 514; 86 *N. E. Rep.* 785. In this case, however, the court said:

"In such a case the question is not whether an important part of the landlord's undertaking is in form a promise to make repairs, but whether, as a result of the dealings of the parties with each other, they come into relations whereby the landlord undertakes and assumes the duty of looking after the condition of the premises in reference to safety."

The court in this case also said:

"This evidence tends to show an undertaking on the part of both parties that the defendant was to keep the steps in a safe condition."

In the present case the alleged contract was not to keep the floor of the toilet in a safe condition but merely to make certain definite repairs.

The respondent also cites *Graff* v. *Lemp Brewing Co.,* 130 *Mo. App.* 618; 109 *S. W. Rep.* 1044. In that case the court said:

"Should we be required to treat the action only as one arising *ex contractu, i. e.,* founded on a breach of the contract to repair within a reasonable time, we should be compelled by the great weight of authority to hold the defendant free from liability for personal injuries resulting from such breach."

The case of *Harl* v. *Coleman* (*Ala.*), 78 *So. Rep.* 201, gives support to the respondent's theory. In this case, which was an action *ex contractu* for breach of covenant to repair, it was held that the tenant might recover damages, including the personal injuries resulting from falling through a defective flooring, to which the tenant had called the landlord's attention and which the latter had agreed to repair. The court said that it confined the rule to the case in hand, and to the facts presented, which are stated to be as follows:

"The porch of the house occupied by plaintiff was badly in need of repairs and in an unsafe condition, at a place necessary to be traversed by plaintiff in the use of the premises. The landlord, the defendant, was notified of its con-

dition, and saw it himself, and agreed to repair the same. * * * Reasonable time elapsed, and he failed to comply with his promise, and as a proximate result plaintiff fell through the porch and sustained the injuries. We are aware that it is held in some of the cases that, upon failure of the landlord to repair, the tenant should have done so, and could only recover what it would have cost to have made the necessary repairs." No case is cited by the court to fortify the views expressed in the opinion.

The respondent urges that the trial judge found as a fact that the appellant should have made repairs to the toilet and the appellant cannot on appeal question this finding. We do not find the state of the case as settled did so hold. It merely states the agreement to repair and that the floor was not repaired.

We find the weight of authority is opposed to the cases above cited by the respondent and is in favor of the view entertained in *Hadley* v. *Baxendale, supra.* The general rule is stated in 36 *C. J.* 208, as follows:

"Parties to a tenancy may agree that the landlord shall make necessary repairs and thus vary the rights and obligations implied by law from the relation, but an agreement to repair as a part of the letting is an agreement to make repairs on notice, and failure to comply will, as a general rule, give rise merely to a right of action for breach of contract, under which damages are not recoverable for personal injuries sustained by reason of the defective condition of the premises."

In the case of *Arnold* v. *Clark,* 45 *N. Y. Super. Ct.* 252, it was said:

"An agreement to repair in no way contemplates, as damages for the breach of same, such as might result from destruction to life or injuries to the person or property, that might result from omission to repair as provided in the agreement."

In *Schick* v. *Fleischkauer,* 26 *N. Y. App. Div.* 210, the landlord's agent promised at the time of renting to make repairs to a ceiling. The repairs were not made and the ceiling fell injuring the tenant. The court held that there

could be no recovery for personal injuries based on a breach of the contract to repair. The court said that a contract to repair does not contemplate that any liability for personal injuries shall grow out of the defective condition of the premises.

In *Hamilton* v. *Feary,* 8 *Ind. App.* 615, it was said that damages for personal injuries are too remote and not in contemplation of an agreement to repair.

See, also, *Kabus* v. *Frost,* 50 *N. Y. Super. Ct.* 72; *Spellman* v. *Bannigan,* 36 *Hun* (*N. Y.*) 174; *Wynne* v. *Haight,* 27 *N. Y. App. Div.* 7; *Kuyk* v. *Green,* 219 *Mich.* 423; *Kohnle* v. *Paxton,* 268 *Mo.* 463; *Spinks* v. *Asp,* 192 *Ky.* 550.

The measure of damages for breach of an agreement to repair is the difference between the rental value of the premises in a repaired and an unrepaired state. Such damages are the only kind which can be said to arise naturally from breach of the contract. *Murrell* v. *Crawford,* 102 *Kan.* 118; 169 *Pac. Rep.* 561; *Schiff* v. *Pottlitzer,* 101 *N. Y. Supp.* 249.

The duty to repair did not arise out of the relation of landlord and tenant but rested upon an agreement. To make the landlord responsible as in a tort action, for a neglect in discharging the obligations of the contract, would result in making a landlord responsible to a greater degree, for the failure to make repairs comprehended in the contract, than if the contract had been made with a third party who breached the agreement to repair. This is illogical.

The judgment is reversed, with costs.