**217 A.2d 437.**

WALTER B. DOWER *vs.* DOWER'S INC.

MARCH 9, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

JOSLIN, J. This action of assumpsit is here on the plaintiff's exceptions to a decision of a justice of the superior court sustaining the defendant's demurrer to the second amended declaration and to his refusal to grant permission for the filing of an amended declaration.

The essential allegations of the one-count declaration can be briefly summarized. The defendant occupied and had exclusive possession of certain store premises and the adjacent sidewalk under a written lease from plaintiff, the owner. During the term of the lease one Lenihan was injured when she fell on the sidewalk. She sued plaintiff as the owner of the premises and alleged that her fall was caused by his having permitted an artificial accumulation of snow and ice to remain on the sidewalk for an extended period of time and by his having negligently allowed water to be discharged thereon which froze. The suit was prosecuted to judgment and plaintiff here sues to recoup the losses sustained by him as a result of the third-party suit. He con-

cedes his negligence and predicates his declaration on those provisions of the lease wherein defendant covenants to indemnify and save him harmless generally "against all loss, cost, expenses, and damages under any claim by any person or corporation based on or in any way growing out of the use, maintenance, control or occupation of the said demised premises, the sidewalk adjacent thereto, or the improvements or equipment located thereon by the Lessee, its agents or servants, or any person claiming under them," and specifically "on account of any loss, cost or damage arising from his failure" to keep the sidewalk free from snow and ice.

The trial justice refused on policy grounds to enforce these indemnity provisions because in his judgment they purported to immunize plaintiff as a landlord from losses occasioned by reason of his own negligence and he sustained the demurrer to the declaration. We agree with the result but not with the reason. In our judgment, the declaration is defective for the reason that nowhere in the lease does defendant specifically covenant to indemnify and to hold plaintiff harmless from the consequences of his own negligence.

Indemnity provisions in leases are not new. Their inclusion followed the judicial establishment of rules defining the obligations of both a lessor and a lessee to repair and to maintain leased premises and the liabilities which flow from a failure to carry out these obligations. By including exonerating provisions landlords and tenants attempted to nullify the duties and responsibilities fixed by law and sought by a general or specific provision in their agreements of lease to determine where as between themselves the risk of loss should fall.

Typically, a general exonerating clause stipulates that the lessee shall hold the lessor harmless and indemnified "against any injury, loss or damage to any person or prop-

erty on said premises," or "from any and all claims arising out of the lessee's conduct or management of the demised premises or the sidewalks or the streets adjoining," or "from any loss, injury or damage of any nature whatsoever, occurring on or about said demised premises or the sidewalk adjacent to the same, to person or property of said lessee, its agents, employees, servants or others in or about said demised premises."

Following the rule that indemnity provisions must be strictly construed against the indemnitee, the courts in most of the states have refused to draw inferences from words of general import found in the apparently all-inclusive and catchall language of a general indemnity provision.[1] Moreover, even in those states where exculpatory provisions are enforceable, and they are in the majority, indemnity to a lessor for the consequences of his own negligence has been denied unless the exonerating clause specifically and unequivocally so stipulates. *Laskowski* v. *Manning*, 325 Mass. 393; *Longi* v. *Raymond-Commerce Corp.*, 34 N. J. Super. 593. See cases collected 175 A.L.R. §47, p. 89.

We adopted the rule of strict construction almost seventy years ago in *Railton* v. *Taylor*, 20 R. I. 279. There, the tenant's goods were damaged by the landlord's negligent operation of the heating system. The lease provided that the lessor should have no liability for damage or destruction to the property caused "by fire, water or otherwise, or by the use or abuse of the Cochituate water, or by the leakage or bursting of water pipes, or in any other way or manner * * *." We refused to exculpate the landlord, even though the lease by its terms exonerated him from liability for damage or destruction to merchandise caused "in any other

---

[1]Pennsylvania holds otherwise. There the court in passing on a clause exempting a lessor "from all liability for any or all damage caused by water" said that there was no more comprehensive word in the language than "all" and that "it includes everything and excludes nothing." *Cannon* v. *Bresch*, 307 Pa. 31.

514

way or manner" saying at page 282 that if the parties had intended to include an exemption from liability for negligence in the management and use of the heating apparatus "they would doubtless have stipulated to that effect, and not have left so important a matter in any doubt."

The trial justice here construed *Railton* as if it stood for the rule that an exculpatory clause is against public policy and unenforceable. That is not the *Railton* rule. We expressly refrained in that case from "intimating what the legal effect of such a stipulation would be had it been incorporated in the lease." *Id.* at 283. We make a like disclaimer in these proceedings and hold only that the declaration which premises plaintiff's claim for damages resulting from his own negligence on the indemnity clauses of the lease is fatally defective because those provisions are general, rather than specific, and do not unequivocally and explicitly indemnify plaintiff for the consequences of his own negligence.

Before considering the denial of plaintiff's motion to amend, we observe sua sponte that an exception does not lie to such a ruling, *Hebert* v. *Handy*, 28 R. I. 317, and if presented will not be reviewed unless either included in a bill of exceptions prosecuted after a final decision, *Tillinghast* v. *Maggs*, 76 R. I. 401, or brought here by certiorari. *Marsh* v. *Conway*, 80 R. I. 124. Notwithstanding that this case is before us on a bill of exceptions, we overlook that procedural defect in the interest of promoting a prompt and efficient administration of justice and consider the case as if it were here on certiorari for review of an alleged abuse of discretion. *Smith* v. *Golden*, 92 R. I. 446.

In determining whether the trial justice abused his discretion by refusing permission for leave to amend, our only inquiries are whether plaintiff was proceeding in good faith and whether the insufficiency in the declaration was reasonably susceptible to cure. *Smith* v. *Golden, supra.* The trial

justice, and he heard the demurrers to this as well as to the earlier declarations, did not impugn plaintiff's good faith, but in substance found that the fact situation was such as to make it impossible for a good cause of action to be stated.

The plaintiff argues that a good cause of action can be stated if founded not on the lease's exonerating provisions, but rather on defendant's breach of its affirmative contractual duty to remove the snow and ice from the sidewalk. We assume he urged this theory to the trial justice, because unless he did we would not now consider it. *Federation of Ins. Employees* v. *United O & P Workers CIO*, 77 R. I. 210, 217.

While there has been a hesitancy to hold a defendant to liability for personal injuries resulting from a breach where the case is founded on a breach of contract to repair or to maintain, *Grazer* v. *Flanagan*, 35 Cal. App. 724, *Williams* v. *Fenster*, 103 N.J.L. 566, *Jordan* v. *Miller*, 179 N. C. 73, there are instances where in appropriate circumstances the permitted measure of damages has been enlarged to include payments made on account of third-party *ex delicto* actions. *Mirsky* v. *Seaich Realty Co.*, 256 App. Div. 658 (N.Y.); *City of Brooklyn* v. *Brooklyn City R.R.*, 47 N. Y. 475; *City of Lowell* v. *Spaulding*, 58 Mass. 277.

Cautioning that we are not prejudging whether the plaintiff can validly declare on the facts of the case before us premised upon an alleged breach of the defendant's affirmative contractual duty to remove the snow and ice, it is nonetheless our judgment that a declaration so predicated is not so lacking in merit as to justify his being denied an opportunity to amend.

Treating the case as if it were here on certiorari, the portion of the record relating to the ruling of the superior court denying the plaintiff leave to amend is quashed, and the record and the papers in the case are ordered returned to the superior court for further proceedings.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh, Kenneth P. Borden,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley, Bowen H. Tucker,* for defendant.