**334 A.2d 422.**

Joseph Di Lonardo, Jr. *vs.* Gilbane Building Company *vs.* Joseph P. Cuddigan, Inc.

APRIL 10, 1975.

Present: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. In this civil action a general contractor tort defendant, Gilbane Building Company (Gilbane), seeks indemnification from a third-party defendant subcontractor, Joseph P. Cuddigan, Inc. (Cuddigan). In October of 1970 Gilbane, a general contractor, was engaged in construction work at the Rhode Island Hospital. Cuddigan was a plumbing subcontractor on the project and was the employer of Joseph Di Lonardo, Jr., the plaintiff. It appears from the record that in the contract between Gilbane and Cuddigan, Cuddigan had agreed to indemnify Gilbane for any personal injury, death, or property damage which occurred due to the work which Cuddigan had agreed to do. The primary issue in the instant case concerns the validity of the indemnity clause.

The evidence discloses that plaintiff, Di Lonardo, was walking from the subcontractor's supply trailer at the construction site carrying certain plumbing supplies up to his specific job location. While so doing, he was injured when his left foot broke through a sheet of plywood that had been negligently placed on a stairway by Gilbane's employees. The plaintiff sued Gilbane, who in turn brought in Cuddigan as a third-party defendant. Relying on the indemnity clause, Gilbane sought to be held harmless. At the close of all the evidence, Cuddigan moved for a directed verdict. The motion was granted, thus relieving the subcontractor of any liability, the trial justice stating as his reason that the indemnity clause was unconscionable, contrary to public policy, and, therefore, void and unenforceable. The principal case was then submitted to a jury, which returned a verdict for plaintiff. At that point the trial justice granted a motion by Cuddi-

gan for a directed verdict. Gilbane is now prosecuting an appeal from that judgment.

In *Dower* v. *Dower's, Inc.*, 100 R. I. 510, 217 A.2d 437 (1966), we stated that one will not be held harmless for his own negligence pursuant to an indemnity provision unless the specific and unambiguous intent of the parties is to shift liability to the nonnegligent party; in such cases the rule of strict construction will be applied.[1] In *Dower* the issue of the validity of such an indemnification provision in the face of a contention that it was violative of public policy was expressly left undecided.

In the case at bar the disputed portion of the contract provides:

> "The Subcontractor agrees to indemnify and save harmless the Owner and General Contractor against loss or expense by reason of the liability imposed by law upon the Owner or General Contractor for damage because of Bodily Injuries, including death, at any time resulting therefrom accidentally sustained by any person or persons or on account of damage to property arising out of or in consequence of the performance of this work whether such injuries to persons or damage to property are due or claimed to be due to any negligence, including gross negligence, of the Subcontractor, the Owner, the General Contractor, his or their employees or agents or any other person."

We turn, first, to consider Gilbane's contention that it was error to hold the indemnity provision void as violative of public policy. We are constrained to agree with Gilbane and hold that a contract in which a subcontractor promises to indemnify and save the general contractor harmless regardless of the general contractor's negligence

---

[1]It should be noted that while a distinction exists between an exculpatory provision and an indemnity provision, in both cases the law in this state requires a strict reading against the party seeking to be exonerated. *Dower* v. *Dower's, Inc.*, 100 R. I. 510, 217 A.2d 437 (1966); *Railton* v. *Taylor*, 20 R. I. 279, 38 A. 980 (1897).

is a valid contract which in no way violates public policy. The law in this respect is well settled. *See* 2 Restatement *Contracts* §572 (1932);[2] 6A Corbin, *Contracts* §1471 (1962); Annot., 27 A.L.R.3d 663 (1969) (for a compilation of cases). The trial justice apparently was concerned that general contractors, when armed with the subcontractor's indemnity protection, would become callously reckless and willing to sacrifice people's safety in order to avoid what might be costly precautions against injury. This reasoning fails, however, to take into consideration the fact that there is no significant distinction between the situation at bar and one in which the party has insured against his own negligence. Such practice has long been accepted. Mr. Justice Story held in 1837 that "[t]here is nothing unreasonable, unjust or inconsistent with public policy, in allowing the assured to insure himself against all losses, from any perils not occasioned by his own personal fraud." *Waters* v. *Merchants' Louisville Ins. Co.*, 36 U.S. 213, 221, 11 Pet. 176, 182, 9 L.Ed 691 (1837). We perceive the shift of liability in the instant case as simply a shift in the burden of purchasing insurance coverage. We hold that parties in adequate bargaining positions should be free to distribute this burden, by contract, as they see fit.

We would note parenthetically that Cuddigan did in its brief question both whether the indemnity clause explicitly and unambiguously stated that Gilbane would be held harmless and whether the factual situation giving rise to the injury was one "arising out of or in consequence of the performance of this [subcontractor's] work." We have

---

[2]"A bargain to indemnify another against the consequences of committing a tortious act is illegal unless the performance of the tortious act is only an undesired possibility in the performance of the bargain, and the bargain does not tend to induce the act." 2 Restatement *Contracts* at 1077 (1932).

given considerable thought to each of these issues and are constrained to conclude that they are without merit.

The appeal of the third-party plaintiff is sustained, the judgment entered below is reversed, and the cause is remanded to the Superior Court for further consideration.

*Hinckley, Allen, Salisbury & Parsons, Robert W. Lovegreen,* for Gilbane Building Company.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden,* for Joseph P. Cuddigan, Inc.