Frank CORRENTE

v.

CONFORTI & EISELE CO., INC.,
Rhode Island

v.

PAVARINI CONSTRUCTION CO., INC.

v.

Frank CORRENTE.

No. 81–257–Appeal.

Supreme Court of Rhode Island.

Dec. 16, 1983.

Albert J. Lepore, George W. Santopietro, Coia & Lepore, Ltd., Providence, for plaintiff.

Peter L. Kennedy, Adler, Pollock & Sheehan Inc., Joseph A. Kelly, C. Russell Bengtson, Providence, for defendant.

## OPINION

KELLEHER, Justice.

In the late 1960s Rhode Island Hospital Trust National Bank decided to add yet another landmark to the Providence skyline by constructing a twenty-eight-story office building. The proposed edifice was to be named, not surprisingly, the Hospital Trust Tower.

The three litigants who are involved in this controversy were involved with the construction of this building. Conforti & Eisele, Co., Inc., Rhode Island (Conforti) was the general contractor; Pavarini Construction Co., Inc. (Pavarini) was the concrete subcontractor; and Frank Corrente (Corrente) was a laborer who worked for Pavarini. Conforti and Pavarini entered into a lengthy written contract that contained a clause whereby Pavarini agreed to indemnify Conforti against all personal-in-

jury claims arising during performance of the contract.[1]

Corrente was injured while working on the new structure, and the injury was admittedly due to the negligence of two Conforti employees. He sought and received workers' compensation benefits from Pavarini's insurer and, after reimbursing Pavarini for the compensation benefits he had received, initiated this litigation by filing in the Superior Court a negligence action against Conforti. Understandably, Conforti responded by filing a third-party claim for indemnification against Pavarini.

Corrente and Conforti settled their dispute with a mutually satisfactory exchange: Conforti gave Corrente $25,000, Corrente gave Conforti a general release, and both parties signed a stipulation dismissing the negligence action with prejudice.

Pavarini then brought a fourth-party action against its employee, Corrente, claiming the release from Corrente to Conforti was also an agreement by Corrente to indemnify Pavarini from all claims arising from Corrente's injury.

At this point, the contractor, the subcontractor, and the employee appeared before a Superior Court justice, who after trial ruled that (1) Conforti was entitled to recover from Pavarini the $25,000 it had paid to Corrente, based on the indemnification clause in the contract; (2) Pavarini was not entitled to indemnification from Corrente for the $25,000 it was to pay to Conforti; and (3) the release from Corrente to Conforti neither cut off Conforti's rights against Pavarini nor granted Pavarini new rights against Corrente. Pavarini concedes that the $25,000 settlement was reasonable in light of the damages sustained by Corrente.

The single issue is whether the trial justice erred in reaching the conclusions he did from the evidence before him.

■ Pavarini first claims that the trial justice was wrong in holding it liable to Conforti for the $25,000 Conforti paid to Corrente. Pointing to the indemnification clause of the Conforti-Pavarini contract, Pavarini maintains that while the clause indemnifies Conforti from all claims that are due to the negligence of Pavarini's employees, it makes no attempt to hold Pavarini liable for the negligence of Conforti's employees. We disagree. Contrary to Pavarini's claim, this clause not only attempts to hold, but also succeeds in holding Pavarini liable for the negligence of Conforti's employees.

In its relevant portions the clause provides in part, "The Subcontractor shall hold the General Contractor harmless from all liability * * * for injuries * * * from any cause occasioned in whole or in part by any act or omission of the Subcontractor * * * and *whether or not it is contended the General Contractor contributed thereto in whole, or in part,* or was responsible therefor by reason of non-delegable duty." (Emphasis added.)

We have intimated that we would uphold exculpatory indemnification clauses relieving a person from his or her own negligence if that clause were sufficiently specific. *Dower v. Dower's Inc.,* 100 R.I. 510, 217 A.2d 437 (1966). Later, in *Di Lonardo v Gilbane Building Co.,* 114 R.I. 469, 334 A.2d 422 (1975), we upheld an indemnification clause in a general contractor/subcontractor construction contract monetarily relieving the general contractor, Gilbane, from the consequences of its own negligence. We also held there that such a result, if it

1. The pertinent portion of the indemnification clause reads as follows: "The Subcontractor shall hold the General Contractor harmless from all liability, loss, cost or damage from claims for injuries or death from any cause, while on or near the project, of its employees or the employees of its Subcontractors, or by reason of claims of any person or persons for injuries to person or property, from any cause occasioned in whole or in part by any act or omission of the Subcontractor, its representatives, employees, and whether or not it is contended the General Contractor contributed thereto in whole, or in part, or was responsible therefor by reason of non-delegable duty."

arose from the contractually expressed intent of the parties, was not against public policy.

The clause in this case is very similar to the clause in *Di Lonardo*. It is sufficiently specific under *Dower*. By its express terms, the subcontractor, Pavarini, agreed to hold the general contractor, Conforti, harmless from all claims of negligence on the part of either Pavarini or Conforti. Even though it may appear unreasonable to some that Conforti is made whole, we must remember that the contractor and the subcontractor dealt with each other at arm's length, and this clause illustrates the contractually expressed intent of the parties. We cannot fault the trial justice in upholding that intent.

Pavarini's next claim is that since the release to Conforti ran to it as well, Conforti is barred from making any claim against the subcontractor based on Corrente's injury. Pavarini grounds this contention on the fact that the release to Conforti also contains the boilerplate language releasing "all other persons, firms and corporations from all claims and demands * *." The simple answer here is that it does not matter whether or not the release to Conforti also runs to Pavarini because the indemnification agreement remains unaffected by the release.

The release was a contract between Corrente and Conforti. The indemnification agreement encompasses part of the contract between Conforti and Pavarini. These two agreements are not related to each other in any way. As noted earlier, Pavarini does not question Conforti's good faith in settling Corrente's negligence claim for $25,-000. This concession also serves as an indication that the litigants construe the indemnification provision as permitting Conforti to resolve claims made against it by either settlement negotiations or judicial determination.[2] Consequently, we are of the belief that the trial justice did not err in holding that the release did not bar Conforti from obtaining indemnification from Pavarini.

Corrente's negligence action was dismissed with prejudice pursuant to a written stipulation signed by the respective counsel for the litigants. Pavarini claims that this stipulation dismissed Conforti's third-party action against it. Rule 41(a)(1) of the Superior Court Rules of Civil Procedure provides that a civil action may be dismissed by filing a stipulation signed by all the parties who have appeared in the action. The stipulation here was signed only by counsel to the parties in the negligence action. No one signed on behalf of the third-party defendant. The action then, under our rules, was dismissed only in regard to the original parties, Corrente and Conforti. The indemnification action between Conforti and Pavarini, although arising out of the original negligence action, was unaffected by the dismissal stipulation.

Pavarini's final claim is that when Corrente executed the release to Conforti, he agreed to indemnify Pavarini for any sum it would have to pay Conforti. The trial justice refused to accept this argument and said that no evidence had been introduced to show that, when Corrente accepted the $25,000 from Conforti in exchange for his release, he intended to indemnify Pavarini for that amount. Once again we must accept the trial justice's conclusion in this regard.

The third-party defendant's appeal is denied and dismissed, and the Superior Court judgment appealed from is affirmed.

SHEA, J., did not participate.

---

2. An informative consideration of all facets of indemnification agreements between a general contractor and a subcontractor can be found in Annot., 68 A.L.R.3d 7 (1976).