John R. COSENTINO et al.

v.

A.F. LUSI CONSTRUCTION CO., INC. et al.

v.

OTIS ELEVATOR CO. et al.

No. 82–219–Appeal.

Supreme Court of Rhode Island.

Dec. 14, 1984.

---

Paul M. Finstein, Joseph A. Kelly, Carroll Kelly & Murphy, Providence, for third party plaintiff.

Edward W. Moses, Harry W. Asquith, Asquith, Merolla, Anderson, Ryan & Wiley, Providence, for third party defendant.

## OPINION

KELLEHER, Justice.

On March 3, 1981, A.F. Lusi Construction Co., Inc. (Lusi), a general contractor, was building an apartment house in the city of Providence that was to be called Riveredge Village Apartments. Two of the subcontractors working on the job were Otis Elevator Co. (Otis) and Eagle Cornice Co., Inc. (Eagle). Otis, as the name implies, was installing elevators, and Eagle's responsibility was the installation of the roof.

Arlindo Alves, Jr. (Alves), on the day in question was working for Otis at the bottom of the elevator shaft. The open end of the shaft was covered by a polyurethane sheet secured by cement blocks. When a gust of wind lifted the sheet from the shaft, one of the blocks fell into the shaft, striking Alves on the head and causing his death. His coadministrators have instituted this Superior Court action in which Lusi and Eagle are charged with negligence that in turn caused the fatality. Subsequently, Lusi filed a cross-claim against Eagle and a third-party complaint against Otis and two masonry subcontractors.

The controversy now before us relates to Lusi's appeal from the grant by a Superior Court justice of Otis's motion for summary judgment on the ground that Lusi had no right of contribution from Otis as an alleged joint tortfeasor and that Lusi's claim for indemnification was barred by the provisions of G.L.1956 (1969 Reenactment) § 6–34–1 (1984 Cum.Supp.) In its appeal Lusi challenges only that portion of the judgment relating to its claim of indemnification and the effect on the claim of § 6–34–1.

Earlier, in *Di Lonardo v. Gilbane Building Co.*, 114 R.I. 469, 334 A.2d 422 (1975), the court ruled that a building contract in which a subcontractor specifically agrees to indemnify and hold harmless a general contractor, regardless of the general contractor's negligence, was valid and did not violate public policy. This court affirmed the *Di Lonardo* rationale in *Corrente v. Conforti & Eisele Co.*, R.I., 468 A.2d 920 (1983).

Section 6–34–1 first made its appearance on the statute books in 1976 with the enactment by the General Assembly of P.L.1976, ch. 247. We assume that the 1976 legislation was a response to the ruling in *Di Lonardo*. Consequently, we shall examine the statute in light of the indemnification agreement entered into by Lusi and Otis.

■ Section 6–34–1, in its pertinent portions, provides that a provision in a contract that purports "to indemnify the promisee, its independent contractors, agents, employees, or indemnitees against liability for damages * * * proximately caused by or resulting from the negligence of the promisee, its independent contractors, agents, employees, or indemnitees is against public policy and is void * * *." This statute, by its express terms, invalidates any agreement in which a party seeks indemnification[1] from another for the consequences of its own or its agent's negligence. However, the Legislature has not prohibited the use of all indemnification contracts in the construction industry.

Turning now to the indemnification provision in the Lusi-Otis subcontract, Otis, the promissor, agreed to indemnify Lusi, the promisee, against all claims or demands "arising out of or resulting from the performance of the Subcontractor's [Otis's] Work under this subcontract * * * to the extent caused in whole or in part by any negligent act or omission of the Subcontractor [Otis, the promissor] or anyone directly or indirectly employed by him or anyone for whose act he may be liable, regardless of whether it is caused in part by a party [Lusi, the promisee] indemnified hereunder."

■ The clear and direct mandate of § 6–34–1 bars the enforcement of that portion of the indemnification clause that attempts to indemnify Lusi for any negligence on its part. However, there is nothing in § 6–34–1 that bars Lusi from attempting to secure indemnification from Otis for claims resulting from negligence on the part of Otis or of any subcontractor employed by Otis.

■ As noted earlier, Lusi is not seeking contribution from Otis as a joint tortfeasor, conceding that a tortfeasor cannot obtain contribution from an employer who is immune from being sued in a negligence action because of our Workers' Compensation Act. *Iorio v. Chin*, R.I., 446 A.2d 1021 (1982); *Cacchillo v. H. Leach Machinery Co.*, 111 R.I. 593, 305 A.2d 541 (1973). However, here it must be kept in mind that Lusi and Otis dealt with each other at arm's length, and we perceive no reason why the expressed intent of the parties in a contract calling for payment by Lusi to Otis of $81,350 should not be effectuated.

■ Although G.L.1956 (1979 Reenactment) § 28–29–20 (1984 Cum.Supp.) states

---

1. The statutory bar against the use of indemnification clauses in construction contracts provides that it will not affect the validity of "any insurance contract or workmen's compensation agreement issued by an insurer" and also allows a contractor to protect himself by purchasing insurance or a construction bond. Lusi at no time relies on either proviso.

that the Workers' Compensation Act "shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise against an employer * *," it is generally agreed that a third-party action for contract indemnification from the employer is not an action based upon the employee's injury but rather is an action for reimbursement based upon an expressed contractual obligation between the employer and a third-party plaintiff. This obligation is independent of any statutory duty the employer may owe an employee. *Manson-Osberg Co. v. State,* 552 P.2d 654, 658–59 (Alaska 1976); *Kamali v. Hawaiian Electric Co.,* 54 Haw. 153, 159, 504 P.2d 861, 865–66 (1972); *Whittle v. Pagani Brothers Construction Co.,* 383 Mass. 796, 422 N.E.2d 779 (1981); *Redford v. City of Seattle,* 94 Wash.2d 198, 203–06, 615 P.2d 1285, 1287–89 (1980); *Pan American Petroleum Corp. v. Maddux Well Service,* 586 P.2d 1220, 1222–24 (Wyo.1978); 2A Larson, *The Law of Workmen's Compensation,* §§ 76.40–.42 (1982); Annot., 100 A.L.R.3d 350 (1980).

A remand is necessary for a determination concerning the negligence of Otis and its responsibility under the indemnification clause.

Lusi's appeal is sustained, the judgment appealed from is affirmed in part and reversed in part, and the case is remanded to the Superior Court.