Richard COSIMINI, et al.

v.

**ATKINSON–KIEWIT JOINT VENTURE, et al.**

v.

**RUSCO STEEL COMPANY.**

Civ. A. No. 93–0269 P.

United States District Court,
D. Rhode Island.

Feb. 13, 1995.

Karen Davidson, Providence, RI, for plaintiff.

John Deacon, Providence, RI, for defendant.

Holly Rao, Olenn & Penza, Warwick, RI, for third party defendant.

### MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

This is a personal injury action. Plaintiff Richard Cosimini ("Cosimini") was injured at his job site and collected workers' compensation from his employer, Subcontractor Rusco Steel Company ("Rusco"). Plaintiff subsequently sued the general contractor, Atkinson–Kiewit Joint Venture ("Atkinson–Kiewit") who in turn filed a third-party complaint against Rusco. This action now comes before the Court on cross motions for summary judgment as to liability between the third parties. Third-party defendant, Rusco moves for summary judgment on the grounds that the indemnity provision of the contract between the third parties ("Subcontract") does not require Rusco to indemnify Atkinson–Kiewit for injuries incurred by the plaintiff even in proportion to Rusco's own negligence. The third-party defendant further moves for a summary judgment ruling that the clause concerning procurement of insurance does not require Rusco to indemnify Atkinson–Kiewit because the insurance provision is no broader than the indemnity provision. Thus, Rusco seeks a determination that as a matter of law there is no set of circumstances under which it could be obligated to indemnify Atkinson–Kiewit.

In turn, the third-party plaintiff, Atkinson–Kiewit, moves for summary judgment on the indemnity and insurance issues. The third-party plaintiff seeks a ruling that under the indemnity provision of their contract, Rusco must indemnify Atkinson–Kiewit for damages that plaintiff recovers from Atkinson–Kiewit, in proportion to Rusco's degree of fault. Atkinson–Kiewit also seeks a court determination that under the insurance provision of their contract, Rusco must indemnify Atkinson–Kiewit for all Atkinson–Kiewit's liability to the plaintiff, up to the insurance policy limit, unless Atkinson–Kiewit is found to be solely responsible for the plaintiff's injuries.

### I.

The relationship of the parties stems from their common involvement in a construction site. Atkinson–Kiewit served as the general contractor and Rusco served as a subcontractor on the Jamestown–Verrazano Bridge project. The plaintiff, Cosimini, was employed by Rusco. On January 3, 1992, Cosimini incurred severe injuries in a fall during an attempt to fix a non-operating water pump. The equipment at the common work site was supplied and installed by Atkinson–Kiewit and used by the employees of the general contractor and the subcontractor.

The third-party plaintiff and defendant both move for summary judgment on the legal interpretation and impact of two contract provisions, both contained within Article 14 of the Subcontract. This article provides in relevant part:

*Indemnity and Insurance.* [1] Subcontractor shall indemnify contractor against any claim, loss, damage, expense, or liability arising out of acts or omissions of Subcontractor in any way connected with the performance of this Subcontract unless due solely to Contractor's negligence....

 Subcontractor shall, at his own expense, maintain in effect at all times during the performance hereof with insurers and under forms of policies satisfactory to Contractor: [workers' compensation and employer's liability insurance of 1 million dollars naming the Contractor as an additional insured, comprehensive general and automobile liability insurance of 1 million dollars naming the Contractor as an additional insured, and hull and machinery and protection and indemnity insurance of 2 million dollars].

Such insurance shall cover performance of the above indemnity obligation ...

Third–Party Def's. Mem. in Support of Mot. for Sum. J. at Exh. C ["Subcontract No. 00003–2915, Article 14"].

Two Rhode Island statutes govern the proper interpretation of this contract. The state legislature requires construction indemnity agreements to meet the following criteria:

(a) A covenant, promise, agreement, or understanding in, or in connection with or collateral to, a contract or agreement relative to [construction work] pursuant to which contract or agreement the promisee [or its agent] has hired the promisor to perform work, purporting to indemnify the promisee [or its agent] against liability for damages arising out of bodily injury to persons or damage to property proximately caused by or resulting from the negligence of the promisee [or its agent] is against public policy and is void; provided that this section shall not affect the validity of any insurance contract, workers' compensation agreement, or an agreement issued by an insurer.

(b) Nothing in this section shall prohibit any person from purchasing insurance for his own protection or from purchasing a construction bond.

R.I. Gen. Laws § 6–34–1 (1985 Reenactment). This section has been interpreted to invalidate an agreement under which a general contractor seeks indemnification from its subcontractor for the consequences of the general contractor's *own* negligence (or that of its agent). *Cosentino v. A.F. Lusi Constr. Co.*, 485 A.2d 105, 107 (R.I.1984). However, this section permits a general contractor to secure indemnification from a subcontractor for claims resulting from the subcontractor's negligence (or that of its agent). *Cosentino*, 485 A.2d at 107.

■ Where a general contractor is sued by an employee of the subcontractor under circumstances covered by the Rhode Island Workers' Compensation Act ("RIWCA"), R.I. Gen. Laws § 28–29–20, the general contractor can obtain indemnification from a negligent subcontractor only if the contract so provides. In the absence of such a contract, the subcontractor is immune, pursuant to the RIWCA, from tortfeasor liability and from the obligation of contribution. Rhode Island law furnishes a workers' compensation scheme in place of other remedies:

The right to compensation for an injury under chapters 29–38, inclusive, of this title, and the remedy therefor granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents or employees; and those rights and remedies shall not accrue to employees entitled to compensation under those chapters while they are in effect, except as otherwise provided in §§ 28–36–10 and 28–36–15.

R.I. Gen. Laws § 28–29–20. By this provision, the state provides tort immunity to an employer from its own employees and third parties from whom the employee recovers. Ordinarily where two parties jointly cause injury through their negligence, the party sued has a right of contribution from the joint tortfeasor. However, "[i]t is well settled in Rhode Island, as in the majority of jurisdictions, that an employer who has paid workers' compensation benefits cannot be sued as a joint tortfeasor for contribution by a third party even where its concurring negligence has contributed to an employee's injury." *A & B Construction v. Atlas Roofing and Skylight Co.*, 867 F.Supp. 100, 106 (D.R.I.1994) (citations omitted). Although the legislature has abolished the common law right of contribution in this context, parties can create the right to indemnification by contract. "Because it is an independent obligation and was bargained for by the parties, express contractual indemnity is enforceable notwithstanding any exclusive remedy provisions of the applicable workers' compensation scheme." *A & B Construction*, 867 F.Supp. at 106.

## II.

### A. *Indemnity*

The interpretation of the contested Subcontract provisions is relevant only if the jury finds that *both* parties negligently caused plaintiff's injury. In the event that Atkinson–Kiewit is found to be solely responsible for plaintiff's injury, the parties agree that the indemnity provision does not apply. Similarly, if the jury determines that Rusco is solely responsible for plaintiff's injury, there will be no recovery against Atkinson–Kiewit and therefore no need to seek indem-

nification from Rusco.[1] Thus, for the purposes of this ruling, I assume both parties were negligent on independent grounds.

■ The contract provides that Rusco shall indemnify Atkinson–Kiewit for all damages recovered against the general contractor unless Atkinson–Kiewit is found to be solely responsible. Thus, the Subcontract states that Rusco is responsible for *full* indemnification even where the negligence of both Atkinson–Kiewit and Rusco contributed to the injuries. Pursuant to Rhode Island General Law § 6–34–1, this provision is void as against public policy. Section 6–34–1 instructs that a general contractor can not indemnify itself through its subcontractor against the consequences of the general contractor's own negligence.

■ In the event that the contract calls for a subcontractor to indemnify the general contractor for its own negligence and for that of the general contractor, the former obligation is enforceable, while the latter obligation is unenforceable. First Circuit law permits a court to modify an illegal contract and enforce the revised version, even selectively enforcing some components of a seemingly indivisible clause. *See Gormly v. I. Lazar & Sons, Inc.*, 926 F.2d 47, 50 (1st Cir.1991) (citing *Durapin, Inc. v. American Prods., Inc.*, 559 A.2d 1051, 1058 (R.I.1989)). In doing so, "purported indemnity language is to be strictly construed against the party seeking indemnification." *A & B Construction*, 867 F.Supp at 107 (citing *Di Lonardo v. Gilbane Building Co.*, 114 R.I. 469, 334 A.2d 422, 423 n. 1 (1975) and *Gordon v. Campanella Corp.*, 112 R.I. 417, 311 A.2d 844, 849 (1973)). Here, it is clear that the parties intended to create a duty to indemnify broad-

er than but including the subcontractor's obligation to indemnify the general contractor in proportion to the subcontractor's negligence. Therefore, I modify the contract (1) to void any portion of the clause purporting to obligate the subcontractor to pay for the general contractor's negligence, and (2) to preserve that portion of the clause requiring Rusco to indemnify Atkinson–Kiewit for those damages attributable to Rusco's percentage of negligence.[2] *See Gormly*, 926 F.2d 47 (where jury returned a verdict against general contractor and found contractor/subcontractor fault to be 70%/30%, court entered judgment in general contractor's favor for 30% of plaintiff's recovery pursuant to court's modification of an indemnity agreement).

B. *Insurance*

■ The plain language of the indemnity clause, as originally written, encompasses liability for all damages connected with performance of the Subcontract except those damages resulting from the sole negligence of Atkinson–Kiewit. I have modified the indemnity clause to comply with Rhode Island General Law § 6–34–1. Rusco is now obligated to indemnify Atkinson–Kiewit only for those damages attributable to Rusco's percentage of negligence. The remaining issue is whether the insurance procurement obligation, which states that "insurance shall cover performance of the above indemnity obligation," Subcontract No. 00003–2915, Article 14, is broader than the modified indemnity provision.

I am keenly aware that this clause can be given two different meanings. The Subcontract may be read to state that "insurance

---

1. Of course, in order for the plaintiff to recover against Atkinson–Kiewit, the jury must find that there is an independent substantive basis for Atkinson–Kiewit's liability. The plaintiff may not recover if the allegations of negligence against Atkinson–Kiewit are premised on the legal fiction of vicarious liability. *See DiQuinzio v. Panciero Lease Co.*, 612 A.2d 40, 43 (R.I.1992). "An employee who has received workers' compensation benefits may not pursue [even against a third party] a right to recovery based on the wrongful conduct of an entity made immune from suit by the Rhode Island Workers' Compensation Act." *DiQuinzio*, 612 A.2d at 42.

2. Rusco will not have to bear a double burden in paying workers' compensation to Cosimini and indemnifying Atkinson–Kiewit. "[T]he RIWCA allows the employee to bring suit against [a] third party for damages, even though the employee could simply recover compensation from his employer under the RIWCA.... When an injured employee does recover against a nonimmune third party, he becomes obligated to reimburse his employer (or the employer's insurance carrier) for any compensation already paid pursuant to the RIWCA." *A & B Construction*, 867 F.Supp. at 105 (citations omitted).

shall cover performance of the *above* indemnity obligation." Subcontract No. 00003–2915, Article 14 (emphasis added). If read with this emphasis, Rusco's insurance procurement obligation extends as far as the indemnity obligation *as written*, and therefore includes coverage of all liability connected with performance of the Subcontract, unless due solely to the negligence of Atkinson–Kiewit. On the other hand, the Subcontract may be read to state that "insurance shall cover *performance* of the above indemnity obligation." Subcontract No. 00003–2915, Article 14 (emphasis added). In this case, the scope of the insurance that Rusco was obligated to procure is determined by the scope of the indemnity obligation, *as it is legally required to be performed*, and therefore includes coverage only of those damages attributable to Rusco's percentage of negligence.

In determining which meaning to give this clause, I am guided by basic contract principles. In interpreting a contract, a court "should review the agreement in its entirety, construe provisions with reference to one another where possible, and read the contract as 'a rational business instrument which will effectuate the apparent intention of the parties.'" *Taunton Municipal Lighting Plant v. Quincy Oil Inc.*, 503 F.Supp. 235, 237 (D.Mass.1980), *aff'd*, 669 F.2d 710 (Em.App.1982) (citations omitted). *See also In re Newport Plaza Associates*, 985 F.2d 640, 646 (1st Cir.1993) (noting that a court must construe contractual terms in the context of contract as a whole); *Wilmot H. Simonson Co. v. Green Textiles Associates, Inc.*, 755 F.2d 217, 219 (1st Cir.1985) (stating that "contract interpretation is largely an individualized process, with the conclusion in a particular case turning on the particular language used against the background of other indicia of the parties' intention") (citations omitted).

Accordingly, I extract the apparent intention of the parties from a reading of Article 14 as a whole and in light of the rational business purposes it was written to effectuate. As third-party defendant aptly notes, the purpose of the insurance procurement clause "is only to insure the solvency of the subcontractor for purposes of the subcontractor's indemnity obligations, if any." Third–Party Def.'s Mem. in Support of Mot. for Sum. J. at 7. Reading the insurance procurement clause with the emphasis on "performance" is consistent with this rational business purpose. Because I have modified the indemnity clause as written to narrow the indemnification performance legally required of Rusco, the need for insurance to ensure this performance is correspondingly narrowed. Thus, to give effect to the intended meaning of the insurance procurement clause, it must be read to encompass only the judicially modified indemnification clause.

██ *An additional consideration informs* my decision. It is true that Rhode Island General Law § 6–34–1 does not, by its terms, require me to nullify a clause clearly requiring a subcontractor to procure insurance to cover a general contractor's negligence. However, another provision of Rhode Island law may require me to read this clause restrictively. The state legislature's workers' compensation scheme affords employers statutory immunity from suit. R.I. Gen. Laws § 28–29–20. This immunity can only be waived by express contractual language. *A & B Construction*, 867 F.Supp. at 109. The principle of statutory immunity embodied in the workers' compensation scheme is equally applicable to indemnity, contribution and insurance procurement clauses. *Cf. Fowler v. Boise Cascade Corp.*, 948 F.2d 49, 55 (1st Cir.1991). While I have determined that Rusco, by its indemnity clause, intended to waive its statutory immunity as to those damages which flow from its own negligence, I decline to interpret the insurance procurement clause to extend this waiver of immunity to those damages for which Rusco is not legally responsible. It is simply not clear that Rusco intended to incur a duty to procure insurance beyond its duty to indemnify Atkinson–Kiewit.

### III.

The scope of the insurance that Rusco was obligated to procure is determined by the scope of the indemnity obligation, as it is legally required to be performed. Because I have narrowed Rusco's performance obli-

gation under the indemnity clause, the insurance obligation, by its own language, is equally limited. Therefore, I find that both the indemnity provision and the insurance procurement obligation in the Subcontract extend only to those damages attributable to Rusco's percentage of negligence. The cross motions for summary judgment are hereby granted in part and denied in part.

SO ORDERED.