The defendant and third-party plaintiff, C M & B, Inc. (CMB), a general contractor, appeals from a judgment, entered after a Superior Court jury-waived trial, that dismissed its indemnification and related claims against its subcontractors Ferreira Concrete Forms, Inc. (Ferreira), and Laserdig. The trial judge ruled, among other things, that the indemnification claim was barred by a governing Rhode Island statute. We agree and affirm.
Background. In 2009, CMB, having contracted with a property owner to construct a retail store in Rhode Island, subcontracted certain concrete work to Ferreira and certain underground utility work to Laserdig. The subcontracts specified that they were to be construed in accordance with Rhode Island law, and they included indemnification clauses. The owner separately contracted with Meade Construction, Inc. (Meade), to perform certain roofing work.
On September 13, 2009, just as Meade was about to commence work, a tree fell on the partially completed building. As time was of the essence, CMB asked Laserdig if its on-site personnel could assist in clearing the tree, and Laserdig agreed. Although Ferreira had largely completed its concrete work and had no employees on the site that day, Ferreira and Laserdig were under common ownership and sometimes loaned each other their employees as circumstances required. Accordingly, the common owner decided to loan a Ferreira employee, the plaintiff Fernando Carreiro, to Laserdig, in order to assist the other Laserdig employees, as well as CMB and Meade, in clearing the tree. In the course of this work, Meade placed a ladder against the building, but did not sufficiently secure it, nor did CMB safety-check it. As Carreiro climbed the ladder, it slid to one side, causing Carreiro to fall and suffer injuries.
Carreiro sued both CMB and Meade; CMB filed a third-party complaint for indemnification and other relief against Ferreira and Laserdig. After a trial on the third-party claims, the judge found that the accident resulted from the negligence of both CMB and Meade and not from any negligence on the part of Laserdig, Ferreira, or Carreiro. The judge ruled that, under Rhode Island law, CMB could not enforce the indemnification clauses to obtain indemnification for its own negligence, and he therefore ordered judgment for Laserdig and Ferreira on the third-party claims. CMB appealed.
Discussion. The indemnification clauses in CMB's subcontracts with Laserdig and Ferreira stated, in pertinent part and with emphasis added:
"Subcontractor shall, to the fullest extent permitted by law ... regardless of whether or not any such claims, losses, liabilities or expenses are caused in part by a party indemnified hereunder, indemnify and hold harmless Contractor, Architect, Engineer and Owner and the agents and employees of Contractor, Architect, Engineer and Owner from and against any and all claims, losses, liabilities and expenses, including attorney's fees, arising out of or in any manner caused by, connected with or resulting from Subcontractor's performance of this Subcontract or the presence of Subcontractor or Subcontractor's employees and/or agents at the Project Site."
Under R.I. Gen. Laws § 6-34-1 (1976), however, a provision in a construction contract that "purport[s] to indemnify the promisee ... against liability for damages arising out of bodily injury to persons ... proximately caused by or resulting from the negligence of the promisee ... is against public policy and is void." This statute "bars the enforcement of that portion of [an] indemnification clause that attempts to indemnify [the contractor] for any negligence on its part." Rodrigues v. DePasquale Bldg. & Realty Co., 926 A.2d 616, 623 (R.I. 2007), quoting from Cosentino v. A.F. Lusi Constr. Co., 485 A.2d 105, 107 (R.I. 1984).
Assuming arguendo that the indemnification clauses are triggered on these facts,[5] the statute plainly bars enforcement of the clauses to require Laserdig or Ferreira to indemnify CMB for losses caused by its own negligence, and CMB makes no persuasive argument to the contrary. CMB's principal argument appears to be that because the clauses do not expressly require indemnification of CMB for its own negligence, but merely contain general language permitting indemnification for a loss caused "by a party indemnified hereunder"-which may include not only the contractor (CMB) but also the architect, engineer, owner, and their agents and employees-the clauses do not conflict with the Rhode Island statute. CMB argues that the statute as interpreted in Rodrigues invalidates only those clauses that on their face, rather than as applied to a particular set of facts, require indemnification of a contractor for its own negligence. But CMB has not cited, nor do we find, any language in Rodrigues supporting such a distinction. Moreover, in Rodrigues, unlike here, the general contractor was found not to have been negligent, and thus the statute did not bar its indemnification claim against its subcontractor. Rodrigues, supra at 624. Accordingly, we conclude that CMB was not entitled to any indemnification.[6]
CMB does argue that, apart from any right to indemnification, it was contractually entitled to a defense from Laserdig and Ferreira or their insurers against the claims asserted by Carreiro. The subcontracts required Laserdig and Ferreira to name CMB as an additional insured on their general liability policies. The subcontracts contain identical sentences that begin, "In the event any insurance company insuring subcontractor should fail or refuse to defend any claim or suit arising out of the coverages set forth by the insurance requirements of this agreement, brought against ... Contractor ...." But the sentences in both subcontracts are manifestly incomplete; they do not include any language specifying the consequences of such a failure or refusal to defend. In these circumstances, even assuming (although the record does not show) that CMB pressed its failure-to-defend claims in the trial court,[7] we see no error in the judgment for Laserdig and Ferreira on CMB's claims.
Judgment affirmed.

Laserdig and Ferreira advance various arguments that the clauses are not triggered, e.g., that Carreiro's claims were not ones "arising out of or in any manner caused by, connected with or resulting from Subcontractor's performance of this Subcontract or the presence of Subcontractor or Subcontractor's employees and/or agents at the Project Site." We need not reach those arguments, given our conclusion infra that on these facts the clauses are unenforceable in any event.

We therefore need not reach Laserdig and Ferreira's arguments, adopted to some extent by the judge, that the more stringent limitations on construction indemnification agreements imposed by Massachusetts law, G. L. c. 149, § 29C (declaring void any contractual provision requiring construction subcontractor to indemnify any party for personal injuries not caused by subcontractor), would apply here by virtue of the choice of law principles discussed in Feeney v. Dell Inc., 454 Mass. 192, 206-208 (2009).

CMB's third-party complaint included claims alleging a failure to defend, but there is no indication that CMB pursued these claims, nor did the judge's memorandum of decision address them.