THOMAS LABONTE ET AL. *v.* FEDERAL MUTUAL
INSURANCE COMPANY

ALCORN, HOUSE, COTTER, THIM and SHAPIRO, Js.

Argued February 5—decided March 3, 1970

*Anthony J. Lasala,* for the appellant (defendant).

*William F. Geenty,* with whom was *Leonard A. Ceruzzi,* for the appellees (plaintiffs).

THIM, J. The instant appeal is before this court on certification from the Appellate Division of the Circuit Court. Originally two cases were involved and were consolidated for purposes of trial, but

only the case of *LaBonte* v. *Federal Mutual Insurance Company* was certified to this court. No appeal was taken from the judgment rendered in the companion case of *Gagliardi* v. *LaBonte*. The sole issue on the present appeal is whether the defendant, the Federal Mutual Insurance Company, is liable to the plaintiffs Albert S. and Marianne L. LaBonte for an amount adjudged against them in favor of Vincent R. Gagliardi in his action against them.

The essential facts are undisputed, and the record discloses that a stipulation by all parties was made a part of the finding. Albert and Marianne LaBonte resided at 121 Alps Road, in Branford, on January 13, 1965, together with Thomas LaBonte, their minor son. On that day, Thomas took a vehicle belonging to Vincent R. Gagliardi without his permission. While driving the vehicle in Milford, Thomas became involved in an accident, which resulted in damage to the Gagliardi vehicle in the amount of $425. Gagliardi subsequently brought an action against Thomas to recover for the damage to the vehicle, and the complaint also named Thomas' parents, Albert and Marianne LaBonte, as defendants under General Statutes § 52-572, the then pertinent provisions of which are set forth in the footnote.[1] Judgment in the case of *Gagliardi* v.

[1] "Sec. 52-572. PARENTAL LIABILITY FOR TORTS OF MINORS. The parent or parents or guardian of any unemancipated minor or minors, which minor or minors . . . having taken a motor vehicle without the permission of the owner thereof, cause damage to such motor vehicle, shall be jointly and severally liable with such minor or minors for such damage or injury to an amount not exceeding seven hundred fifty dollars, if such minor or minors would have been liable for such damage or injury if they had been adults; provided nothing herein shall be construed to relieve such minor or minors from personal liability for such damage or injury. The liability herein provided for shall be in addition to and not in lieu of any other liability which may exist at law."

*LaBonte* was rendered against all the defendants by stipulation in the amount of $425 and costs, and no appeal was taken from that judgment.

At the time of the accident Albert and Marianne LaBonte were insured under a "homeowner's policy" issued to them by the Federal Mutual Insurance Company. On February 22, 1965, Albert and Marianne LaBonte, hereinafter called the plaintiffs, notified the Federal Mutual Insurance Company, hereinafter called the insurer, of the events leading to the accident and resulting damage to Gagliardi's vehicle. At that time, and at all times to the present, the insurer denied that the policy in question afforded coverage, and it refused to defend the plaintiffs in the *Gagliardi* case. The plaintiffs brought a third-party complaint against the insurer, the policy was made a part of the record, and the case was consolidated with the *Gagliardi* case for purposes of trial. On February 9, 1967, judgment was rendered for the plaintiffs in the present case for the amount of $425 and costs, plus reasonable attorneys' fees. The judgment was affirmed by the Appellate Division of the Circuit Court on May 16, 1968.

"Coverage E" of section 2 of the policy under consideration provides coverage for "all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage," and further provides that the insurer "shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy." The parties in this case agree that coverage E, when read alone, placed a duty on the insurer to defend the plaintiffs in the *Gagliardi* case and to satisfy the judgment of $425 against them. The

issue before this court on certification of the present case is whether special exclusion (b) of the policy would deny coverage to the plaintiffs' liability in the *Gagliardi* case. The relevant portion of special exclusion (b) provides that coverage E shall not apply "to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles . . . while away from the premises or the ways immediately adjoining." It should be noted that although Thomas LaBonte was an insured within the meaning of the policy, the parties stipulated that coverage did not extend to him.

Where, as here, the policy is one of liability rather than indemnity, a duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage. *Keithan* v. *Massachusetts Bonding & Ins. Co.*, 159 Conn. 128, 138, 267 A.2d 660; *Schurgast* v. *Schumann*, 156 Conn. 471, 489, 242 A.2d 695; *Missionaries of the Company of Mary, Inc.* v. *Aetna Casualty & Surety Co.*, 155 Conn. 104, 110, 230 A.2d 21; *Connecticut Co.* v. *Mongillo*, 144 Conn. 200, 204, 128 A.2d 528. The complaint in the *Gagliardi* case is the one with which we are concerned, and it contains two counts. The first count is against Thomas LaBonte and thus is not relevant to our consideration of the instant case. The second count names the plaintiffs as defendants and alleges that they are jointly and severally liable with Thomas for the damage to the Gagliardi vehicle by virtue of General Statutes § 52-572. No claim is made that the statute cited is not applicable or that the plaintiffs have any defense to the liability which it creates. The conflict which exists in the instant case centers around what the plaintiffs are liable for and the relationship of their liability to

the exclusionary clause quoted above. The plaintiffs contend that they, unlike their son, Thomas, are not liable for any personal activity involving an automobile off the premises but that their liability is vicarious and created solely by statute. In this regard their contentions are correct. At common law parents were not liable for the torts of their children unless they themselves were independently negligent, as where they had entrusted a dangerous instrumentality to their children or had failed to restrain their children who they knew possessed dangerous tendencies. 39 Am. Jur., Parent and Child, § 55; Restatement (Second), 2 Torts § 316. The statute in question thus creates liability where none existed at common law, and the liability is absolute, in the sense that no negligence need be shown to exist on the part of the parents. If the child is liable, as is admitted in the present case, the parents are jointly and severally liable with him.

The Appellate Division of the Circuit Court concluded that the plaintiffs were not engaged in conduct embraced by the exclusionary clause; that their liability was vicarious and imposed by statute; that no exclusion existed in the policy as to statutory liability; that an ambiguity exists as to coverage; and that therefore the plaintiffs, as the insured parties, must be favored. We think that this conclusion was erroneous. Where the terms of the policy are of doubtful meaning, the construction most favorable to the insured will be adopted. There is no room for this rule of construction, however, where the language of the policy is plain and unambiguous. *Lyon v. Aetna Casualty & Surety Co.*, 140 Conn. 304, 310, 99 A.2d 141. Under such circumstances, the terms must be accorded their natural

and ordinary meaning. *Smedley Co.* v. *Employers Mutual Liability Ins. Co.*, 143 Conn. 510, 513, 123 A.2d 755. The exclusionary clause under consideration is common to public liability insurance policies, probably for the reason that coverage in such cases is ordinarily procured as automobile public liability insurance. 12 Couch, Insurance (2d Ed.) § 44:453; see also 7A Appleman, Insurance Law and Practice § 4500; 45 C.J.S., Insurance, § 834a. We had occasion to construe a nearly identical clause in the case of *Commercial Contractors Corporation* v. *American Ins. Co.*, 152 Conn. 31, 41, 202 A.2d 498, and we held (p. 42) that an "obvious purpose of the exclusion clause was to limit the territorial scope of the . . . liability coverage in cases involving 'automobiles'." The meaning of the exclusionary clause in the instant policy is clear and unambiguous, a fact which is not altered merely because the parties contend for different interpretations. See *A. M. Larson Co.* v. *Lawlor Ins. Agency, Inc.*, 153 Conn. 618, 622, 220 A.2d 32. That clause provides, in effect, that any liability, under any theory of recovery, whether personal negligence, master-servant, agency, or other theory of vicarious liability, which arises from an automobile accident off the premises, is outside the scope of the contract. As stated by the court in construing a similar clause in the case of *Service Welding & Machine Co.* v. *Michigan Mutual Liability Co.*, 311 F.2d 612, 618 (6th Cir.): "[A]t least as to automobiles, the creation of liability and the . . . injury . . . must all occur on the premises of . . . [the insured]."

A number of decisions from other jurisdictions indicate that there can be no coverage under a policy with an exclusionary clause such as that contained in the instant policy even though the insured's

liability arises under a relationship of agency or master and servant rather than personal negligence. See cases collected in 12 Couch, op. cit. § 44:453 and Cum. Sup. 1969. We see no reason why a different rule should apply in cases of vicarious liability created by statute. Vicarious liability is based on a relationship under which it has been determined as a matter of public or social policy that one person should be liable for the act of another, irrespective of the participation of the person vicariously liable. *Nadeau* v. *Melin,* 260 Minn. 369, 375, 110 N.W.2d 29. In this sense the policy behind vicarious statutory liability is identical to the policy which holds a master vicariously liable, without personal participation, for the torts of his servants. In summary, we think that the purpose of the exclusionary clause under consideration is to exclude coverage from all liability arising from an off-premises automobile accident, no matter what the theory of recovery might be. To hold otherwise would be to distort the ordinary scope of a homeowner's policy to the detriment of both the insurer and the public, which would be subjected to higher premium rates for a broad-based risk which would, in most cases, serve only to duplicate coverage available in most automobile insurance policies.

The plaintiffs cite cases such as *Pawtucket Mutual Ins. Co.* v. *Lebrecht,* 104 N.H. 465, 190 A.2d 420, which are collected in an annotation in 2 A.L.R.3d 1238, in support of their position that the liability of Thomas and that of themselves is severable in kind. But those cases deal with a clause excluding coverage for injury or property damage caused by an intentional act of the insured. In such cases each insured is held to be separately insured and to stand alone, and the intentional act of one

will not be attributed to another who is vicariously liable for the injury. In the case before us it is not a personal act of the insured which is excluded but rather, as claimed by the insurer, the subject matter of the accident without regard to the involvement of the insured.

For the reasons stated above, there was no ambiguity in the policy, and the complaint in the *Gagliardi* case did not state a cause of action which came within the terms of the policy coverage.

There is error, the judgments of the trial court and the Appellate Division are set aside and the case is remanded to the trial court to render judgment for the defendant, the Federal Mutual Insurance Company.

In this opinion the other judges concurred.