MEMORIAL LAWN CEMETERIES
ASSOCIATION, INC., Appellant,

v.

Lisa CARR et al., Appellees.

No. 47776.

Supreme Court of Oklahoma.

Sept. 9, 1975.

Charles B. Grethen, F. Karen Grethen, Blanchard, for appellant.

Thomas G. Smith, Purcell, for appellees.

DAVISON, Justice:

Memorial Lawn Cemeteries Association, Inc., Appellant, secured a judgment in the District Court of Lyon County, Kansas, for $1000.00 and costs against Lisa Carr, and her parents Evertt Eugene Carr and Margaret J. Carr (Mr. and Mrs. Carr), Appellees. An authenticated copy of the judgment was filed in the District Court of McClain County, Oklahoma. Notice of the

filing was given to Mr. and Mrs. Carr in Oklahoma, and they filed a motion to strike the filing of the foreign judgment from the records of McClain County on the ground that the judgment was void for the reason, inter alia, that the Kansas court did not have personal jurisdiction over them. The lower court sustained the motion and Appellant has appealed.

We point out that only Mr. and Mrs. Carr filed this motion, and consequently this appeal determines only the correctness of the lower court's action as to them. The validity of the judgment against the daughter, Lisa Carr, is not an issue in this appeal.

The background of the above situation is that, in the State of Kansas, Lisa (then age 16) and a companion entered upon the grounds of a cemetery owned and operated by the Appellant and "maliciously and willfully" damaged and destroyed property. The applicable Kansas statute, K.S.A. 38–120, in pertinent part provides "any * *, corporation or association, or any religious organization * *, shall be entitled to recover damages in an appropriate action at law in a court of competent jurisdiction from the parents of any minor under age of eighteen (18) years, living with the parents, who shall maliciously or willfully damage or destroy property, real, personal or mixed, belonging to such * *, corporation or association or religious organization: Provided, however, That such recovery shall be limited to the actual damages in an amount not to exceed one thousand dollars ($1000), in addition to taxable court costs * * *." The statute also provides that the $1000 limitation does not apply where the malicious or willful act was the result of parental neglect.

In due course the Appellant filed suit against Lisa and Mr. and Mrs. Carr to recover for the damage done to its property. Service of summons was had upon them by service outside the state of Kansas by personal service upon each of them in McClain County, Oklahoma. The applicable Kansas statute, K.S.A. 60–308, provides in part for personal service of summons outside the state and "If * * upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of personal service of summons within this state; * *." The statute also provides under paragraph (b) thereof as follows, "Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, * *, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts: * * (2) The commission of a tortious act within this state; * *."

The question presented is whether the malicious and willful act of the daughter, Lisa, and the statutory liability of the parents, Mr. and Mrs. Carr, for damages resulting from such act, is in legal effect the "commission of a tortious act" by Mr. and Mrs. Carr, whereby personal service of summons on them in Oklahoma would have the force and effect of personal service in Kansas, and justify rendition of a personal money judgment against Mr. and Mrs. Carr. Our research does not disclose that this particular proposition has been passed upon in Kansas or Oklahoma. It is our conclusion that this question must be answered in the negative.

Our statute, 23 O.S.1971, § 10, relative to recovery of damages from parents of minors for malicious or willful destruction of property is similar to the Kansas statute, supra.

In 8 A.L.R.3d 612, is an annotation on the subject of statutes making parents liable for torts committed by their minor children. At page 615, it is stated that these statutes were presumptively enacted for the purpose of attempting to restrain juvenile delinquency, vandalism, and malicious mischief, and that, in view of the limit placed on the amount of the recovery, it was a reasonable inference that it was the legislative intent to impose a penalty upon the parents of a destructive child, rather than

to compensate the injured party. In this connection see *Repko v. Seriana*, 3 Conn. Cir. 374, 214 A.2d 843, 845.

However, it has been stated that in all fairness, it is better that the parents be required to compensate those who are damaged, even though the parents be without fault, rather than to let the loss fall on the innocent victims. *Kelly v. Williams*, (1961, Tex.Civ.App.) 346 S.W.2d 434, 437, 438.

██ It appears to be generally stated and held that such statutes have created a liability on the part of the parents where none existed at common law, and the liability is absolute, in the sense that no negligence need be shown to exist on the part of the parents. *LaBonte v. Federal Mutual Insurance Company*, 159 Conn. 252, 268 A.2d 663, 665; 59 Am.Jur.2d, Parent and Child, § 137, p. 238.

In *General Ins. Co. v. Faulkner*, 259 N. C. 317, 130 S.E.2d 645, 8 A.L.R.3rd 601, 606, 610, 611, it is stated that such statutes impose vicarious liability upon parents, by virtue of their relationship, for the malicious or willful destruction of property by their child, and that there is no need to allege that any act or omission to act on the part of parents was the proximate cause of the injury.

██ Vicarious liability is based on a relationship between the parties irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other. Its true basis is largely one of public or social policy under which it has been determined that, irrespective of fault, a party should be held to respond for the acts of another. *Nadeau v. Melin*, 260 Minn. 369, 110 N.W.2d 29, 34; *LaBonte, supra*, (268 A.2d 663, 666).

██ In the absence of such a statute, the liability of a parent for the acts of a minor child ordinarily rest upon the same basic facts as the liability of a master for the acts of his servant. *Stumpf v. Montgomery*, 101 Okl. 257, 226 P. 65; *Mirick v. Suchy*, 74 Kan. 715, 87 P. 1141; 59 Am.Jur.2d, Parent and Child, §§ 130, 135. In other words, the parents' liability is based upon an agency relationship. This is a completely different situation from the vicarious liability imposed on the parent under the Kansas statute, K.S.A. 38–120, *supra*.

██ In the present case the liability of Mr. and Mrs. Carr for the acts of Lisa is not based upon agency or master and servant, it is based entirely upon the liability imposed on them by the above statute (38–120). It is our conclusion that this vicarious liability does not fall within the provisions of the Kansas "long-arm" statute, K. S.A. 60–308, requiring, as a condition of valid personal service on a party outside the state, that such party (insofar as applicable here) commit a tortious act within Kansas " * * in person or through an agent or instrumentality * *." There was no legal basis for personal service of summons outside the state of Kansas.

It is our conclusion that the Kansas court did not have jurisdiction over the persons of Mr. and Mrs. Carr to render a personal judgment.

The lower court did not err.

Affirmed.

WILLIAMS, C. J., and IRWIN, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES, V. C. J., and BERRY, J., concur in result.

DOOLIN, J., dissents.