[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Donald Czulewicz, alleges the following facts in his wrongful death action complaint. Plaintiff's son was killed when the car in which he was a passenger, driven by the defendant, Scott Raymond, collided into a telephone pole. He is suing the driver, Scott Raymond, Scott's mother, Celine Raymond, and Scott's grandmother and owner of the car, Aurore Dube.
Plaintiff further alleges that the defendant Scott Raymond did not possess a driver's license at the time of the accident, and that on the night of the accident, he took the car keys from the dining room table. The plaintiff alleges that defendants Celine Raymond and Aurore Dube knew or should have known shortly thereafter that Scott Raymond had taken Aurore Dube's car.
Plaintiff is suing all three defendants for negligence and seeking money damages.
Plaintiff filed suit on April 7, 1989, with a return date of May 2, 1989. The complaint sets forth two counts. The first count, against Scott Raymond and Aurore Dube, is not the subject of this motion to strike. The second count alleges that Dube and Celine Raymond were negligent for failing to notify the police and for not trying to stop Scott Raymond once they realized he had taken the car.
The court granted plaintiff's motion for default for failure to plead against Dube on February 28, 1990. Celine Raymond filed a motion to strike and supporting memorandum addressed to count two on February 13, 1990, arguing that this count fails to state a legally sufficient claim against her. The plaintiff filed an opposing memorandum on June 19, 1990. The motion was heard on the short calendar on August 6, 1990.
Defendant Celine Raymond argues that the plaintiff has not stated a legally sufficient claim of general negligence or negligent entrustment against her because the plaintiff has failed to allege that she was the owner of the car or that she gave permission to Scott Raymond to use the car.
The plaintiff responds that defendant's motion to strike does not meet the requirements of Conn. Practice Bk. 154 CT Page 3445 because she did not state specifically in her motion why the claim is insufficient. Plaintiff argues that the motion should be denied for that reason and because his pleading sufficiently alleges a viable claim of negligent entrustment against this defendant.
"A motion to strike challenges the legal sufficiency of a pleading. . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). A party may contest "the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted." Conn. Practice Bk. 152 (1978 as updated to 1989).
The plaintiff directed count two of the complaint against Aurore Dube and Celine Raymond, alleging that each was negligent for the same reasons. One or both of the defendants should have requested the plaintiff to revise the complaint so that the allegations directed against each defendant would be stated in separate counts. In Rowe v. Godou, 209 Conn. 273 (1988), plaintiff sued an individual and the city of Bridgeport in a one-count complaint. The court reversed the superior court decision granting defendants' motion to strike because the complaint was not revised to direct a separate count alleging a separate cause of action against each defendant. Id. at 279-80.
A motion for default for failure to plead was granted against defendant Dube on February 28, 1990, although judgment has not been entered upon it. In Rowe the claims against each defendant differed substantially but were alleged together in one count. The plaintiff in this case alleged that the defendants committed the same negligent acts and omissions. This suit does not involve the "confusing" complaint that the Rowe plaintiff filed. The court, therefore, will proceed to the merits of the defendant's motion to strike. To require defendant to request a revision would serve no purpose.
Plaintiff argues that the defendant's motion does not conform to Conn. Practice Bk. 154, which requires that the moving party must specify in the motion each claim of insufficiency and the reason for each claimed insufficiency. Additionally, the movant must submit a memorandum of law that cites to legal authorities relied upon. Conn. Practice Bk. 155.
Here, the defendant submitted a proper memorandum of law but asserted in the motion only that "the second count fails to set forth a legally sufficient claim against Celine Raymond." CT Page 3446
"We have said that a motion to strike that does not 11 specify the grounds of insufficiency is `fatally defective' and that Practice Book 155 . . . does not dispense with the requirement." Blancato v. Feldspar Corp., 203 Conn. 34,36-37 n. 3 (1987). The plaintiff in Blancato objected to the defendant's motion to strike but failed to raise the issue on appeal. The court deemed the issue waived. Id. In Morris v. Hartford Courant Co., 200 Conn. 676 (1986), the plaintiff never objected to the defendant's motion. "[B]ecause we do not consider Practice Book 154 to be jurisdictional in nature, we will consider the motion to strike in the form presented to the trial court." Id. at 683 n. 5.
The Connecticut Supreme Court has held, in a case where plaintiff objected to an inadequate motion to strike, that a memorandum can supplement an inadequate motion when the memorandum specifies adequately the flaw in plaintiff's complaint. Rowe, 209 Conn. at 275. The court follows this reasoning and accepts the motion to strike despite its technical imprecision.
The plaintiff argues that he has stated a cause of action against the defendant Celine Raymond. In his complaint, plaintiff alleges that Celine Raymond was negligent because she did not call the police or try to stop Raymond Scott after she discovered he had taken Aurore Dube's car. However, plaintiff has not set forth any duty on the part of a parent to do so. At common law, in Connecticut, parents are not vicariously liable for the torts of their children unless the parent was independently negligent in entrusting a dangerous instrumentality to the child or if the parent failed to restrain a child knowing of the child's dangerous tendencies. LaBonte v. Federal Mutual Ins. Co., 159 Conn. 252, 256 (1970). Plaintiff has not alleged that Celine Raymond knew or should have known that Raymond Scott possessed a "dangerous tendency" to drive cars negligently. Compare Conn. Gen. Stat. 52-575 (revised to 1989) (parents vicariously liable for intentional torts of minor children up to statutory dollar amount).
In his opposing memorandum plaintiff characterizes his general claims of negligence as a negligent entrustment action. However, the plaintiff has not alleged that Celine Raymond owned or had control over the car or that she entrusted the car to Raymond Scott by giving him permission, whether express or implied, to drive the car. Although there are no reported Connecticut decisions describing the elements of a negligent entrustment action, entrustment plainly means permitting another to do something or to use something. See Restatement (Second) of Torts 308, 390 (1977). Accord Mullins v. Harrell,490 So.2d 1338, 1340 (Fla.App. 1986) ("The negligent entrustment CT Page 3447 theory requires showing that the entrustor knew or should have known some reason why entrusting the item to another was foolish or negligent.").
Defendant Celine Raymond's motion to strike count two of plaintiff's complaint is granted due to plaintiff's failure to state a legally sufficient claim of negligence or negligent entrustment upon which relief can be granted.
CIOFFI, J.