[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third party plaintiffs moved for summary judgment on the ground that no genuine issue of material fact exists as to the issue of liability.
The plaintiffs, Ronald Schwartz, a minor suing through his father, Philip Schwartz, and Philip Schwartz acting on his own behalf, filed a two-count complaint against the defendants, Reginald Stevenson, a minor, and his parents, Ross and Virginia Stevenson. The complaint alleges that on May 26, 1970, Ronald Schwartz, then age sixteen, was a passenger on the rear of a Honda Trailblazer that was being operated by Reginald Stevenson, then age fourteen.
The complaint further alleges that Ronald sustained injuries and damages as a result of the negligent operation of that vehicle by Reginald and, further, as a result of the negligence of the CT Page 1060 Stevensons by entrusting a dangerous instrumentality to their minor child.
The Stevensons were permitted to implead as a third party defendant, American States Insurance Company ("American"), the carrier that issued a homeowner's policy to them. The third party complaint alleges that American breached its duty to defend the Stevensons in the instant action. American opposed the third party plaintiffs' motion for summary judgment and, further, moved for summary judgment as to liability on the third party complaint.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279 (1989). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The policy at issue contains the following exclusion:
 1. Coverage E — Personal Liability and Coverage F Medical Payments to Others do not apply to bodily injury or property damage:
e. arising out of:
 (1) the ownership, maintenance, use, loading or unloading of motor vehicles or hall other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;
 (2) the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person; or
This exclusion shall not apply to: . . .
 (2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
CT Page 1061
(a) not owned by an insured;
The policy coverage was thereby extended to vehicles such as the one alleged to have been operated by Reginald Stevenson at the time of the alleged accident. The underlying complaint contains no allegations as to ownership of the subject vehicle.
American argues that "unless and until the original Plaintiff alleges that the vehicle Stevenson was operating was not owned by any of the defendant insureds, he has not stated a claim which is for an injury covered by the policy." That argument, if adopted, would place the court in the untenable position of assuming something not in the pleadings to the detriment of the parties. It is "the potential for liability, and not the language of the complaint [that] gives rise to a duty to defend. . . ." Imperial Casualty Indemnity Co. v. State of Connecticut,8 Conn. L. Rptr. 476 (April 12, 1993, Wagner, J.).
The insurer's obligation to defend is broad and is a duty defined not by negative assumption but by whether the allegations of the complaint fairly state facts which appear to bring the injury complained of within the coverage. See, Missionaries of Co. of Mary, Inc. v. Aetna Casualty Surety Co., 155 Conn. 104, 110
(1967); LaBonte v. Federal Mutual Insurance Co., 159 Conn. 252, 255
(1970); Schurgast Schumann, 156 Conn. 471, 489 (1968).
The third party plaintiffs' (Stevensons) motion for summary judgment is granted. The third party defendant's (American) motion for summary judgment is denied.
BY THE COURT:
LEANDER C. GRAY, JUDGE