[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Introduction
The plaintiffs, Excel Logistics, Inc. and Kevin Walsh (hereinafter "Excel" and "Walsh"), filed the instant action against Maryland Casualty Company (hereinafter "Maryland").
Excel, Walsh and Maryland have filed motions for Summary Judgment. All parties argue that there is no genuine issue of material fact involved in the instant action, and that each are entitled to judgment as a matter of law.
Facts
The instant action (hereinafter the "Excel suit") has its origins in a suit brought by Raymond Arpin (hereinafter "Arpin") against Scott Metal Products Company, Kevin Walsh, and Excel Logistics, Inc[.] (hereinafter the "Arpin suit"). The Arpin suit is currently pending in the Judicial District of Windham at Putnam.
The Arpin suit alleges that on or about August 1, 1991, Arpin, in the course of his employment with Hyde Manufacturing Company, was delivering a load of steel to Scott Metal Products Company in Putnam, Connecticut. Arpin alleges that the defendant, Kevin Walsh, "was operating a forklift vehicle and was using it to move part of the load of steel which had been delivered to the premises by Mr. Arpin" Arpin v. Scott Metal Products Co., Et Al, Docket No. CV92-0343660S, First Count, paragraph 2; that Walsh asked him to stand on a load of steel being moved by the forklift, to steady it; and that Arpin stood on the load, but jumped off when he feared for CT Page 1080 his safety as a result of Walsh's unsafe and improper operation of the forklift, thereby sustaining personal injury. The Arpin suit seeks monetary damages and such other and further relief as the Court may determine is proper.
In the Excel suit, Excel and Walsh claim that they are entitled to indemnification under the policy of insurance between Hyde Manufacturing and Maryland Casualty Company.[,] existing at the time of the accident alleged in the Arpin suit. Count One seeks a declaratory judgment, claiming there is "substantial uncertainty regarding the legal relations among Walsh, Excel, Hyde and Maryland Casualty which requires settlement by this court through a declaratory judgment." Plaintiffs' Amended Complaint, Count One, paragraph 13.
Count Two alleges that Maryland Casualty breached its contract of insurance with Hyde Manufacturing when it refused to defend Walsh and Excel in the Arpin suit. Excel and Walsh claim third-party beneficiary status under the policy between Hyde Manufacturing Co. and Maryland Casualty because they "used" the Hyde delivery truck and therefore Maryland Casualty must defend them in the Arpin suit and provide coverage in the event of an award to Arpin.
Discussion
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). The "party seeking summary judgment has the burden of showing the nonexistence of any material fact . . ." (Citation omitted.) Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 781, 595 A.2d 334 (1991). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988).
In addition, the Connecticut Practice Book, § 384 provides that "summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations CT Page 1081 omitted.) Johnson v. Meehan, 225 Conn. 528, 534-35, 626 A.2d 244
(1993). In deciding a motion for summary judgment, this court must "view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991).
Plaintiffs' argument
In the Plaintiffs' Memorandum of Law in Support of Their Motion for Summary Judgment, the plaintiffs note that the Connecticut legislature has set forth the minimum requirements for automobile insurance in C.G.S. § 38a-335(a). This section states, in pertinent part, that
 [e]ach automobile liability insurance policy shall provide insurance in accordance with the regulations adopted pursuant to section 38a-334 against loss resulting from the liability imposed by law, with limits not less than those specified in subsection (a) of section 14-112, for damages because of bodily injury or death of any person and injury to or destruction of property arising out of the ownership, maintenance or use of a specific motor vehicle or motor vehicles within any state . . .
Connecticut General Statutes § 38a-335(a). Plaintiffs argue that the "plain language of this statute directs coverage for any accident `arising out of' the use of an insured motor vehicle." Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment, p 4. Therefore, they argue, Maryland's attempt to "exclude coverage for unloading by mechanical device or to limit the class of users to borrowers or lessees, or employees of the named insured, the borrowers or lessees" is invalid and unlawful under C.G.S. § 38a-355(a). Id. at 11.
Further, the plaintiffs claim the main issue in this action is whether a third-party who is unloading a covered vehicle qualifies as an additional insured under the Maryland policy. In support of their contention that Walsh and Excel qualify as additional insureds under the Maryland policy, however, the plaintiffs rely almost entirely on New Jersey caselaw, See e.g. Ryder/P.E.Nationwide, Inc. v. Harbor Bay Corp. , 119 N.J. 402, 575 A.2d 416
(1990); Bellafronte v. General Motors Corp. , 151 N.J. Super 377,376 A.2d 1294 (App.Div. 1977), and focus on the argument that since Walsh and Excel were permissive users of the Hyde truck, they CT Page 1082 should, therefore, should be covered under C.G.S. § 38a-335(a).
In the alternative, the plaintiffs argue that even if the terms of the policy are deemed valid under Connecticut law, that Maryland must still provide coverage because Excel and Walsh qualify as additional insureds under the terms of the policy itself. In particular, they argue that Walsh and Excel qualify as "borrowers" of the Hyde vehicle, in that Arpin and his partner Dragon effectively surrendered control of the vehicle to them for the purposes of unloading the load of steel.
Maryland Casualty's Argument
Maryland argues that the Plaintiffs "have attempted to amplify the allegations of the Arpin lawsuit by resorting to depositions and other factual inquiry." (Defendant's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment, p. 2); that its duty to defend Excel and Walsh is not determined by facts "disclosed by independent investigation, but by the allegations of the [Arpin] complaint." Id; and, assuming arguendo that the Arpin suit does allege a claim related to an insured vehicle, the plaintiffs do not fall within the policy's definition of an `insured'. In the alternative, Maryland argues that should this Court find that Walsh and Excel are `insureds', no duty to defend exists, as Arpin's injuries are excluded from coverage under the policy.
Conclusion
Initially, it should be noted that the disputed language contained in the Maryland policy issued to Hyde complies with the applicable Connecticut statutes and regulations regarding the minimum provisions for bodily injury liability and property damage liability. See Connecticut General Statutes §§ 38a-335(a) and38a-334(a) and §§ 38a-334-1 to 38a-334-9 of the Regulations of Connecticut State Agencies.
Under Connecticut caselaw, Maryland's duty to defend Excel and Walsh is determined by the allegations contained in the Arpin suit. "[It] is the claim which determines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured, or from anyone else, which indicates, or even demonstrates, that the injury is not in fact `covered' . . ."Missionaries of Co. of Mary, Inc. v. Aetna Casualty Surety Co.,155 Conn. 104, 112, 230 A.2d 21, 25 (1967), quoting Lee v. AetnaCasualty Surety Co., 178 F.2d 750 (2d Cir.). The insurer's duty CT Page 1083 to defend "arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage."LaBonte v. Federal Mutual Insurance Co., 159 Conn. 252, 255,268 A.2d 663, 665 (1970) (citations omitted). Therefore, this Court must examine the allegations and claims contained in the Arpin suit, not the Excel suit, to determine if they fall within the coverage of the Maryland policy. If the cause[s] of action alleged in the Arpin suit fall within the policy coverage, then Maryland must defend Excel and Walsh.
The Arpin suit alleges that on the date of the accident, Arpin was acting in the course of his employment with Hyde Manufacturing Company when he delivered a load of steel to Scott Metal Company; that he was on the premises of Scott Metal Products Company; and that Walsh was "operating a forklift vehicle and was using it to move part of the load of steel which had been delivered to the premises by Mr. Arpin"; that Walsh asked him to "stand upon the load of steel which was being moved with the forklift, in order to steady the load" and he did so stand on the load of steel to steady it; and that Walsh negligently operated the forklift, causing Arpin to fear for his safety and subsequently jump off the load, suffering personal injury. Arpin v. Scott Metal Products Co., EtAl, Docket No. CV92-0343660S, Complaint, First Count, Paragraphs 2, 3.
Measured against the allegations contained in the Arpin suit, Maryland Casualty does not have a duty to defend Excel and Walsh.
First, under the policy, Maryland covenants to cover and "pay all sums an `insured' legally must pay as damages because of `bodily injury' or `property damage' to which this insurance applies, caused by an `accident' and resulting from the ownership, maintenance or use of a covered `auto'. Plaintiff's Exhibit F, p. 2. Section II(A)(1) defines individuals who qualify as "insureds": (a) "You for any covered `auto'", and (b) "Anyone else while using with your permission a covered `auto' you own, hire or borrow except . . . (4) "Anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered `auto'." Id. Walsh and Excel do not qualify as insureds, by definition, under Section II(A)(1)(a) or Section II(A)(1)(b)(4). Walsh was neither an employee or partner of Hyde, nor was he a lessee of a Hyde vehicle. Affidavit of Joseph J. Zalieckas, paragraphs 4, 5.
Walsh was also not a borrower of the Hyde truck. The Maryland CT Page 1084 policy does not define the word `borrow'. "Where the terms of the policy are of doubtful meaning, the construction most favorable to the insured will be adopted." Labonte v. Federal Mutual InsuranceCompany, 159 Conn. at 256. However, where as in the instant case, " . . . the language of the policy is plain and unambiguous. . . ", the rule of construction in favor of finding coverage does not apply. Id. "Under such circumstances, the terms must be accorded their natural and ordinary meaning." Id. at 257. Webster's Dictionary defines the word borrow as "to take or receive (something) with the understanding that one will return it or an equivalent." Webster's New World Dictionary, Second College Edition, 164 (1972). Nowhere in the Arpin suit is it alleged that Walsh took the Hyde truck from Arpin for any purpose, with a promise to return it; therefore, Walsh was not a borrower of the truck.
Further, the injuries sustained by Arpin are excluded from coverage by Section II(B)(8) of the policy, which excludes "`[b]odily injury' or `property damage' resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered `auto'." Arpin alleges that he was injured as he jumped off a load of steel which was being moved by a forklift. The policy does not define `mechanical device'. Therefore, the words should be given their plain meaning, and are construed to include a forklift. Because the Arpin suit does not allege that the forklift was attached to the Hyde truck, coverage for Arpin's injuries would be excluded under this section of the policy. Therefore, assuming arguendo Walsh and Excel qualified as insureds, the facts as alleged in the Arpin suit would eliminate Maryland's duty to defend.
Accordingly, the Plaintiffs' Motion for Summary Judgment is DENIED and the Defendant's Cross Motion for Summary Judgment is GRANTED.
Potter, Judge