[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have alleged in their complaint that the plaintiff, Jason Blair, was assaulted by the defendant, John Mis, and Jason's left leg was broken as a result. The complaint states that on the date of the incident, both Jason and John were seventh grade students and the defendant James Mis, John's father was present during the incident. Jason Blair has filed a complaint by and through his mother, Josephine Blair, against John, James and John's mother, Mary Mis, in three counts. Count one alleges negligence on the part of all three defendants which resulted in Jason's injuries; count two alleges intentional assault on Jason by John as well as negligence on the part of Mary and James; and count three alleges a claim against Mary and James pursuant to General Statutes § 52-572.
The defendants, Mary and James Mis, each filed motions for summary judgment as to counts one and two of the plaintiffs' complaint. The plaintiffs have filed in opposition to the motions an affidavit of the plaintiff, Jason Blair. The defendants have filed portions of the plaintiff, Jason Blair's, deposition testimony, and the affidavits of Mary and James Mis.
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial."Orenstein v. Buckingham Corporation, 205 Conn. 572, 574,534 A.2d 1172 (1987). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). "[T]he moving party for summary judgment is held to a strict standard . . . of demonstrating his entitlement to summary judgment." Kakadelisv. DeFabritis, 191 Conn. 276, 282, 464 A.2d 57 (1983). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 488,280 A.2d 359 (1971). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "[A] summary [judgment] . . . should be on evidence which a jury CT Page 2161 would not be at liberty to disbelieve and which would require a directed verdict for the moving party." Batick v. Seymour, supra, 186 Conn. 647.
The defendants maintain that they are entitled to summary judgment as to counts one and two due to the fact that the allegations contained in those counts are insufficient to state a cause of action based on common law parental liability for the torts of their children. The plaintiffs first contend that the defendants' motions for summary judgment are improper, as they are attempting to attack the legal sufficiency of the complaint, which, they argue, may only be done by a motion to strike. "The proper way to have tested the legal sufficiency of the complaint would have been by demurrer [motion to strike] before the pleadings were closed or, after an answer had been filed, by a motion for summary judgment . . . ." Boucher Agency, Inc. v.Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971). "Both the motion to strike and motion for summary judgment test the legal sufficiency of a cause of action . . ." Camp v. Chase, 39 Conn. Sup. 264,267 n. 1, 476 A.2d 1087 (Super.Ct. 1983). Here the court may consider the legal sufficiency of the plaintiffs' claims.
The defendants argue that at common law there is no vicarious liability imposed upon parents for the torts of their children in Connecticut. The defendants are correct. "At common law, the torts of children do not impose vicarious liability upon parents qua parents, although parental liability may be created by statute; see General Statutes § 52-572; or by independently negligent behavior on the part of the parents.LaBonte v. Federal Mutual Ins. Co., 159 Conn. 252, 256,268 A.2d 663 (1970)." Kaminski v. Fairfield, 216 Conn. 29, 34,578 A.2d 1048 (1990).
"At common law parents were not liable for the torts of their children unless they themselves were independently negligent, as where they had entrusted a dangerous instrumentality to their children or had failed to restrain their children who they knew possessed dangerous tendencies."LaBonte v. Federal Mutual Ins. Co., supra, 159 Conn. at 256. In counts one and two the plaintiffs have alleged that Mary and James Mis were independently negligent in that they failed to control or restrain their son John. The defendants argue, however, that in order to properly allege independent negligence for a common law parental negligence action, the plaintiffs must CT Page 2162 allege that the parents had entrusted a dangerous instrumentality to their child or had failed to restrain their child who they knew possessed dangerous tendencies.
In Geter v. Amrani, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293856 (June 1, 1993, Lager, J.), the court granted summary judgment where the alleged conduct of the parents did not give rise to a common law parental negligence action. The court stated, "[i]t is well-established in this state that a parent at common law is not liable for [its] child's tort unless the parent either makes a dangerous instrumentality available to the child which the child is incapable of handling or the parent fails to control a child's known dangerous propensities." Id.
In Czulewicz v. Raymond, 3 Conn. L.Rptr. 531 (November 20, 1990, Cioffi, J.), the court, on a motion to strike, ruled insufficient as a matter of law a claim based on common law negligence of a parent for the tort of her son where the plaintiff did not allege that the mother "knew or should have known that [her son] possessed a `dangerous tendency' to drive cars negligently." Id., p. 532, quoting LaBonte v. FederalMutual Insurance Company, supra, 159 Conn. 256.
There are no facts stated in counts one and two that would indicate, in the light most favorable to the plaintiffs, that Mary and James Mis had knowledge of any previous "dangerous tendencies" exhibited by their son, John. The plaintiffs argue, however, that Mary and James Mis had prior knowledge of the violent behavior of their son, John. In support of this allegation, they submit the affidavit of Jason Blair.
The affidavit does not establish such knowledge on the part of Mary Mis and also fails to establish that she could have restrained her son, as she was not present at the fight. As to James Mis, the affidavit does raise a triable issue as to his knowledge and ability to stop the fight. However, "Affidavits are not pleadings. . . . The issue must be one which the party opposing the motion [for summary judgment] is entitled to litigate under his pleadings and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment." (Emphasis added.) Shuster v. Buckley,5 Conn. App. 473, 477, 500 A.2d 240 (1985). In the light most favorable to the plaintiffs, the pleadings indicate that an altercation occurred between two adolescent boys, and, as a CT Page 2163 result, the plaintiff Jason Blair's left leg was broken while James Mis was there.
Accordingly, the court grants Mary Mis's motion for summary judgment as to counts one and two and, in the present state of the pleadings, also grants summary judgment for James Mis as to counts one and two.
McDONALD, J.