Christine CROWTHER et al.

v.

**MARINER SQUARE CONDOMINIUM ASSOCIATION et al.**

v.

**Robert FERRIER d.b.a. Quality Landscaping.**

**No. 94–582–Appeal.**

Supreme Court of Rhode Island.

Dec. 13, 1995.

Michael Sarli and John A. Baglini, Providence, for Plaintiffs.

John T. Madden, Cranston, Denise Lombardo and Stuart Hallagan, III, Providence, for Defendants.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on November 8, 1995, pursuant to an order directing all parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant third-party plaintiff, Mariner Square Condominium Association (Mariner Square), appeals from the Superior Court order granting the summary judgment motion of the third-party defendant, Robert Ferrier, d.b.a. Quality Landscaping (Quality Landscaping).

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues will be decided at this time.

The plaintiff, Christine Crowther, slipped and fell on snow and ice after exiting a store at the Mariner Square shopping mall in Narragansett, Rhode Island. The plaintiff and her husband filed a complaint in Superior Court, alleging that her injuries had been caused by defendant's negligent maintenance of the premises and its failure to warn shoppers of the existence of the dangerous condition. Mariner Square then filed a third-party complaint against Quality Landscaping. The third-party complaint alleged that Quality Landscaping was liable for contribution and/or indemnification for any judgment in favor of plaintiffs against Mariner Square. Quality Landscaping filed a motion for summary judgment, claiming that its contract with Mariner Square exonerates it from liability for injuries due to slipping on ice. The trial judge agreed and entered judgment in favor of Quality Landscaping.

Mariner Square raises two issues on appeal. First, it argues that the exculpatory clause of the parties' contract is not sufficiently specific to relieve Quality Landscaping of liability for its own negligence. The contract between the parties sets forth the price for snow removal and sand-and-salt applications in the event of a storm. The contract states that "[w]e are not responsible for injuries sustained by slipping on ice." The trial justice correctly concluded that the clause covers the present situation and that Quality Landscaping was not responsible for indemnifying Mariner Square for plaintiff's injuries. This court has upheld exculpatory provisions in several cases. *See Rhode Island Hospital Trust National Bank v. Dudley Service,* 605 A.2d 1325 (R.I.1992); *Corrente v. Conforti & Eisele Co.,* 468 A.2d 920 (R.I.1983), and *DiLonardo v. Gilbane Building Co.,* 114 R.I. 469, 334 A.2d 422 (1975). Although the exculpatory language used here is not so specific as in other cases, the intent to hold Quality Landscaping harmless in this type of situation is clear.

Mariner Square also argues that an issue of fact exists in regard to whether this contract was in effect at the time of plaintiff's fall, thereby precluding summary judgment for Quality Landscaping. Mariner Square contends a more recent contract may exist and offers the deposition of a prior property manager in which she states that she believes a more recent contract should exist.

The property manager admitted, however, that she was only speculating.

 The party opposing a summary-judgment motion has an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact to be resolved. *Grande v. Almac's, Inc.*, 623 A.2d 971, 972 (R.I.1993). The court is of the opinion that Mariner Square has failed to provide facts showing the existence and terms of another contract and that, therefore, the motion for summary judgment was properly granted.

For all these reasons the appeal of Mariner Square is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.