[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#103)
On September 18, 1995, the plaintiff, Middlesex Mutual Assurance Co. (Middlesex Mutual), filed a complaint seeking a declaratory judgment regarding its obligation to defend and indemnify the defendant, Samuel Rand, in a separate civil action arising out of the defendant's alleged sexual abuse of a minor child. For the reasons stated herein, the plaintiff's motion for summary judgment is granted.
According to the complaint, Middlesex Mutual had issued a homeowner's liability insurance policy to Rand effective March 6, 1986 through March 6, 1987. Renewal policies were subsequently issued effective through March 6, 1990. During these periods, Rand allegedly sexually molested his minor stepgranddaughter. On February 11, 1995, a civil action was filed in this court (#95-74567) on behalf of the minor seeking damages resulting from Rand's alleged sexual abuse.[1] As noted above, on September 18, 1995, Middlesex Mutual commenced this action seeking a declaratory judgment regarding its obligation to defend and indemnify the defendant in the underlying civil action.
On November 20, 1995, Middlesex Mutual filed a motion for summary judgment on the ground that the alleged sexual misconduct of the defendant is excluded from coverage pursuant to the intentional or expected act exclusion provision of the insurance policies.[2] Middlesex Mutual filed a memorandum of law with attachments in support of its motion, and the defendant timely filed a memorandum with a supporting affidavit in opposition.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995).
Middlesex Mutual argues that, in child sexual abuse cases, the CT Page 2967 alleged perpetrator's intent to cause harm should be inferred as a matter of law, thus effectively relieving it of its duty to defend and indemnify the defendant pursuant to the intentional act exclusion provision of the insurance policies. The defendant argues in opposition, however, that Middlesex Mutual is required to defend him in the absence of any factual finding of intentional conduct or intent to harm on his part. In addition, the defendant argues that Middlesex Mutual is required to defend him because count four of the underlying action asserts a claim couched in terms of negligence.
It is well settled in this jurisdiction that "[t]he insurer's duty to defend `arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage.'" Exel Logistics v. Maryland Casualty Co., 40 Conn. App. 415,419, ___ A.2d ___ (1996), quoting LaBonte v. Federal MutualIns. Co., 159 Conn. 252, 255, 268 A.2d 663 (1970). Thus, Middlesex Mutual's duty to defend must be determined by the allegations of the complaint in the underlying action. The first three of the four counts in the underlying complaint allege willful, wanton and malicious conduct on the part of the defendant. The fourth count alleges negligent infliction of emotional distress.
The defendant first argues that Middlesex Mutual is required to defend him because there has yet to be a factual determination as to whether he committed the alleged acts. Once again, however, "[t]he obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured. . . . [T]he insurer's duty to defend is measured by the allegations of the complaint." (Emphasis added.) Smedley Co. v. Employers Mutual Liability Ins. Co.,143 Conn. 510, 516-17, 123 A.2d 755 (1956). Thus, the fact that there has not been a determination as to whether the defendant has committed the acts in question is irrelevant for purposes of this analysis. Rather, the determinative issue is whether the allegations of the underlying complaint are properly described as intentional or negligent. If the alleged acts are deemed intentional, then the intentional or expected act exclusion provision of the insurance policies would preclude the defendant from coverage. If, however, the alleged acts are deemed negligent, then the exclusion provision would not apply.
The Connecticut appellate courts have yet to address the issue of whether alleged acts of sexual abuse of a minor may be deemed intentional or negligent. The overwhelming majority of CT Page 2968 jurisdictions that have considered the issue, however, have held that "an intent to injure may be inferred as a matter of law in cases involving sexual contact between a child and an adult regardless of the insured's subjective intent." Commercial UnionIns. Co. v. Roberts, 7 F.3d 86, 88 (5th Cir. 1993); see also StateFarm Fire Casualty Co. v. Davis, 612 So.2d 458, 463 (Ala. 1993), and cases cited therein; Whitt v. DeLeu, 707 F. Sup. 1011, 1014
(W.D. Wis. 1989), and cases cited therein. "The courts following the majority approach have concluded that sexual misconduct with a, minor is objectively so substantially certain to result in harm to the minor victim, that the perpetrator cannot be allowed to escape society's determination that he or she is expected to know that." Whitt v. DeLeu, supra, 1016.
A minority of courts that have considered the issue have held that an intentional act exclusion provision does not exclude coverage unless the alleged perpetrator acted with a subjective intent to harm. See id., 1015 n. 7 (citing states following the minority approach). These courts have all since revisited the issue, however, and upon reconsideration, have adopted the inferred intent doctrine. Peerless Ins. Co. v. Viegas, 667 A.2d 785, 788
(R.I. 1995); State Farm Fire Casualty Co. v. Davis, supra, 612 So.2d 464. Thus, "[t]he inferred intent doctrine standard is now unanimously accepted in those jurisdictions that have considered the issue." Peerless Ins. Co. v. Viegas, supra, 788. This court finds such unanimous judicial acceptance to be persuasive. Accordingly, this court joins those which have inferred an intent to cause harm and injury in cases involving the alleged sexual abuse of a minor.
In regard to the defendant's argument that Middlesex Mutual is required to defend him because count four of the underlying action asserts a claim for negligent infliction of emotional distress, "[t]he fact that the allegations in [the] complaint are described in terms of `negligence' is of no consequence. A plaintiff, by describing his or her cat to be a dog, cannot simply by that descriptive designation cause the cat to bark." Peerless Ins. Co.v. Viegas, supra, 667 A.2d 789. When an adult is alleged to have sexually abused a minor, such conduct can only be deemed intentional. Id.; Allstate Ins. Co. v. Plude, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303371 (February 1, 1995, Saden, S.T.R., 13 Conn. L. Rptr. 453).
Although Connecticut law provides that an insurer's duty to defend may be broader than its duty to indemnify; Smedley Co. v.CT Page 2969Employers Mutual Liability Ins. Co., supra, 143 Conn. 516-17; the two duties are inseparable in this type of case. State Farm Fire Casualty Co. v. Davis, supra, 612 So.2d 465. "`[T]he majority of jurisdictions deciding these questions hold that there is neither a duty to defend nor [a duty] to pay under such circumstances.' . . . [U]nder the majority view, a liability insurer would have no duty to defend a civil action against the insured based upon alleged sexual misconduct, because, as seen, there is, under such view, definitely, as a matter of law, no duty to pay.'" Id., 465-66 quoting Horace Mann Ins. Co. v. Leeber, 376 S.E.2d 581, 585 (W.Va. 1988). Therefore, "[i]n civil actions for damages that result from an act of child sexual molestation, an insurer will be relieved from its duty to defend and indemnify its insured if the perpetrator is insured under a policy in which there is contained ; an intentional act exclusion provision." Peerless Ins. Co. v.Viegas, supra, 667 A.2d 789; see also Allstate Ins. Co. v. Plude,
supra.
Thus, in this case, whereas the underlying complaint alleges sexual abuse of a minor and the insurance policies contain an intentional act exclusion provision, Middlesex Mutual has no duty to defend or indemnify the defendant in the underlying civil action. Accordingly, the plaintiff's motion for summary judgment is granted.
BY THE COURT:
STANLEY, J.