**Daniel FERGUSON**

v.

**MARSHALL CONTRACTORS d/b/a Algonquin Builders et al.**

**No. 93–444–Appeal.**

Supreme Court of Rhode Island.

May 18, 1994.

R. Daniel Prentiss.

Michael Colucci, Kathryn Perotta, Stephen Harte.

ORDER

This case came before the Supreme Court for oral argument on May 11, 1994, pursuant to an order directing the defendant, Marshall Contractors d/b/a Algonquin Builders (Algonquin), to show cause why the issues raised in its appeal should not be summarily decided. Algonquin appealed the denial of its motion for a new trial, and appealed granting a directed verdict in favor of codefendant, Bennington Iron Works.

After consideration of the memoranda submitted by the parties and after hearing the arguments of counsel for the parties, we conclude that cause has not been shown and the issues will be summarily decided.

The plaintiff, Daniel Ferguson, fell through an opening on a mezzanine deck while working on a construction site, resulting in severe bodily injuries. The plaintiff said he had been aware of the opening but has no recollection of the accident, nor was evidence of how plaintiff fell submitted at trial.

The trial justice denied Algonquin's request for instruction on the law of assumption of the risk, and held that plaintiff did not voluntarily assume the risk of falling through the hole by carrying out his employment on the day of the accident. We concur with the trial justice's holding. "In the absence of an express agreement, an individual does not assume the risk of harm arising from another's conduct unless he knows of the existence of the risk and appreciates its unreasonable character." *Rickey v. Boden*, 421 A.2d 539, 543 (R.I.1980). The trial justice appropriately instructed the jury on comparative negligence regarding whether plaintiff was negligent in not avoiding the hole.

Because plaintiff presented no evidence that parties other than Algonquin could have been responsible for the conditions at the work site, the trial justice correctly granted the motion for directed verdict made by codefendant Bennington Iron Works. Algonquin not only did not object to said motion, but joined part of Bennington's argument for the motion. Consequently, Algonquin cannot now object to the directed verdict for the first time on appeal.

In regard to the motion for a new trial, this court will not disturb a trial justice's ruling "unless the decision is clearly wrong or unless the trial justice * * * overlooked or misconceived relevant and material evidence." *State v. Tooher,* 542 A.2d 1084, 1087 (R.I.1988). We are of the opinion that the trial justice properly evaluated the evidence, and properly denied the motion for a new trial.

Consequently, we deny and dismiss Algonquin's appeals and affirm the judgment of the Superior Court.