Daniel FERGUSON

v.

MARSHALL CONTRACTORS, INC.,
d.b.a. Algonquin Builders et al.

v.

AJAX CONSTRUCTION COMPANY.

No. 96–504–Appeal.

Supreme Court of Rhode Island.

Jan. 28, 1998.

R. Daniel Prentiss, Providence, for Plaintiff.

Bennett R. Gallo, Stephen P. Harten, Providence, Margaret Hogan Sweeney, Michael Colucci, Warwick, for Defendants.

Before BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

Can a general contractor of a construction project obtain indemnification for alleged negligence at the job site from an injured employee's subcontractor-employer in the absence of any express agreement between the employer and the general contractor providing for such indemnification? For the reasons detailed below, we answer this question in the negative.

The defendant, Marshall Contractors, Inc., d.b.a. Algonquin Builders (Marshall), appeals

from a Superior Court order granting the summary-judgment motion of third-party defendant, Ajax Construction Company (Ajax). This court ordered the parties to show cause why the issues raised in this appeal should not be summarily decided. No such cause having been shown, we proceed to decide the appeal without further briefing and argument.

The facts are not in dispute. Marshall was the general contractor on a project to build a manufacturing facility in Dartmouth, Massachusetts, for the Titleist Golf Division of the Acushnet Company (Titleist). Marshall entered into a contract with Bennington Iron Works (Bennington) to provide the steel for the project. Bennington in turn contracted with Ajax to do the steel-construction work. According to Ajax, Bennington provided the steel material for the project and Ajax provided the labor.

The plaintiff, Daniel Ferguson (Ferguson), was an employee of Ajax when he was injured while working on this project. He collected workers' compensation benefits but then brought suit against Marshall and Bennington for their alleged negligence in connection with his injury. Marshall filed a cross-claim against Bennington for indemnity and contribution, but that claim was severed from the Ferguson negligence claims at the time of trial. After the presentation of Ferguson's evidence, Bennington moved for and was granted a directed verdict. Thereafter, the jury returned a verdict for Ferguson and against Marshall in excess of $1 million. After Marshall's motion for a new trial was denied, it appealed the denial of its new-trial motion and the granting of the directed verdict in favor of Bennington. After a show-cause hearing, this court entered an order denying the appeal and affirming the judgment of the Superior Court. *Ferguson v. Marshall Contractors*, 644 A.2d 310 (R.I. 1994). The case then returned to the trial court for further proceedings on Marshall's cross-claim against Bennington.

In the Superior Court Marshall filed a third-party complaint against Ajax for indemnification. Bennington moved for summary judgment on the cross-claim, and Ajax moved for summary judgment on the third-

party complaint. A hearing justice denied Bennington's motion. Thereafter, another hearing justice granted Ajax's summary-judgment motion and directed that a judgment be entered in favor of Ajax pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. Marshall's present appeal is from the entry of this judgment in favor of Ajax.

■ We begin our analysis by noting that the exclusive-remedy provision contained in G.L.1956 § 28–29–20 generally bars a suit for indemnification against the employer of an injured employee who has received workers' compensation benefits. *See Fish v. Burns Brothers Donut Shop, Inc.*, 617 A.2d 874 (R.I.1992). Section 28–29–20 reads, in part, as follows:

"The right to compensation for an injury under chapters 29—38 of this title, and the remedy therefor granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents, or employees * * *."

■ In *Cosentino v. A.F. Lusi Construction Co.*, 485 A.2d 105, 108 (R.I.1984), this court acknowledged a contractually based exception to the above provision. We held that the statute does not bar a third party's action against the employer for contractual indemnification because such a claim is not based upon the employee's injury but upon an express contractual obligation between the employer and the third party. We held that such an action is independent of any statutory duty the employer may owe to an employee and does not offend the statutory exclusivity of the workers' compensation remedy. *Id.* at 107–08.

Marshall contends that it is a third-party beneficiary of an indemnification provision contained in the written purchase order executed between Bennington and Ajax. The language relied upon by Marshall in that document reads as follows:

"If this [order] provides for work to be performed by Seller [Ajax] on property owned or controlled by Buyer [Bennington] *or any party named herein as the*

party on whose property said work is to be performed, Seller shall indemnify and save harmless Buyer, *the aforesaid party, and their employees and agents against all claims*, liabilities, losses, damages and expenses, of every character whatsoever, for bodily injury, sickness, and/or disease including death at any time resulting from any of the foregoing, sustained by any employee of Seller, or of a subcontractor of Seller * * *." (Emphases added.)

Marshall contends that the language contained in this clause is ambiguous since it is unclear who the "aforesaid party" is and who that party's employees and agents are. Ajax counters that this language is very clear: it asserts that the above indemnification clause requires Ajax to indemnify the buyer, Bennington, or the owner of the property where the work was to be performed, in this case, Titleist. In its opposition to the summary-judgment motion, Marshall argued that it was Titleist's agent and that therefore, it was entitled to indemnification under the above language in the Bennington–Ajax purchase order. On appeal Marshall contends that it may be considered an agent of Titleist pursuant to its status as general contractor for the project.

▉ However, Marshall has failed to set forth specific facts to support its assertion of agency status, and it also failed to do so in its Superior Court opposition to Ajax's summary-judgment motion. For example, it failed to present any contractual or other documents that would indicate Titleist had conferred agency status on Marshall for the purpose of asserting the owner's indemnification rights vis-à-vis Ajax. It is well settled that a litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon allegations or denials in the pleadings, conclusory statements, or legal opinions. *Manning Auto Parts, Inc. v. Souza*, 591 A.2d 34, 35 (R.I.1991). We hold that Marshall has failed to support its conclusory argument

that it should be considered to be the property owner's agent for purposes of coming within the indemnification-agreement language set forth in the Ajax–Bennington purchase order. Thus we reject Marshall's contention that a genuine issue of material fact exists concerning whether it is entitled to indemnification as an intended third-party beneficiary of the Bennington–Ajax purchase order.

Marshall next argues that the Bennington–Ajax contract expressly incorporates the terms and conditions of the contract between Marshall and Bennington. That contract also contains an indemnification provision whereby Bennington has agreed to "indemnify and hold harmless the Contractor [Marshall] * * * from and against any and all claims, losses, damages, liabilities and the like." Marshall contends that by agreeing to incorporate the terms of the Bennington–Marshall agreement into the Bennington–Ajax purchase order, Ajax thereby intended to and in fact agreed to indemnify Marshall. We disagree. The incorporated terms include an agreement by Bennington to indemnify Marshall, but the mere incorporation of this term into the Bennington–Ajax purchase order does not alter the tenor of this promise by converting Ajax into an indemnitor of Marshall.

▉ Although Marshall contends that it does not seek indemnification for its own negligence, only for that of Ajax,[1] it overlooks the fact that no indemnification contract or other such agreement exists between Ajax and Marshall. Rather Marshall bottoms its claim for indemnification upon a third-party-contract-beneficiary theory and upon the law of agency. But the cases cited by Marshall in which this court has upheld claims for indemnification are based upon express agreements between the indemnitor and the indemnitee. *See, e.g., Rhode Island Hospital Trust National Bank v. Dudley Service Corp.*, 605 A.2d 1325 (R.I.1992); *Corrente v. Conforti & Eisele Co.*, 468 A.2d 920

1. Pursuant to legislation enacted in 1976, any agreement in which a party is to receive indemnification from another for the consequences of its own or its agent's negligence is invalid. G.L. 1956 § 6–34–1. But this court has held that the statute does not bar a party from agreeing to indemnify another party for the negligence of the indemnitor or its subcontractors. *Cosentino v. A.F. Lusi Construction Co.*, 485 A.2d 105, 107 (R.I.1984).

(R.I.1983). Here Marshall's claim for indemnification from Ajax must fail because the parties themselves have no direct agreement between them that so provides, and nothing in the Bennington–Ajax purchase order contains an express promise by Ajax to indemnify Marshall.

Finally, Marshall contends that we should look to Vermont law in resolving this appeal.[2] In support of this argument Marshall points to the agreement between Bennington and Ajax that provides that "[t]he validity, interpretation, and performance of this order shall be governed by the law of the State in which this order is issued by Buyer." Because the order was issued in Vermont, Marshall contends, the Bennington–Ajax agreement should be interpreted according to Vermont law. However the present controversy concerns Ajax and Marshall, a non-party to the Bennington–Ajax agreement. And the issue of whether Marshall is able to take advantage of the indemnification terms in the Bennington–Ajax order is not answered by the terms of that order or by any other agreement between these two parties. Thus the choice-of-law provision in that contract does not appear to us to be controlling on the questions presented by this appeal.

For the foregoing reasons Marshall's appeal is denied and dismissed, and the judgment appealed from is affirmed. The papers in this case shall be remanded to the Superior Court.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.

---

2. Marshall does not explain, however, how the application of Vermont law would change the result in this case.