**MARSHALL CONTRACTORS, INC., d/b/a Algonquin Builders**

v.

**BENNINGTON IRON WORKS and Ajax Construction Company**

**Daniel A. Ferguson et al.**

v.

**Marshall Contractors d/b/a Algonquin Builders and Bennington Iron Works.**

Nos. 2001–478–Appeal, 2001–496–Appeal.

Supreme Court of Rhode Island.

Dec. 27, 2002.

Paul V. Sullivan, for Plaintiff.

Michael Colucci, Warwick, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG, FLANDERS, and GOLDBERG, JJ., and WEISBERGER, C.J. (Ret.)

## OPINION

PER CURIAM.

This case came before the Court on December 9, 2002, pursuant to an order which had directed the parties to this appeal to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the appeal should be decided at this time.

The parties to this appeal are Marshall Contractors, Inc., d/b/a Algonquin Builders (Marshall), and Bennington Iron Works (Bennington). The litigation has a long and complex history. Initially, Daniel A.

Ferguson brought an action for personal injuries against Marshall and Bennington. The personal injuries arose out of Ferguson's falling through a hole in the floor of a building that was under construction. Marshall filed a cross-claim against Bennington for indemnity and contribution, but this claim was severed from the action brought by Ferguson at the outset of the trial. At the conclusion of Ferguson's evidence, Bennington moved for a directed verdict; the motion was granted. Ultimately, a jury rendered a verdict for more than one million dollars in favor of Ferguson and his family against Marshall. Marshall appealed. This Court affirmed the judgment in *Ferguson v. Marshall Contractors, Inc.*, 644 A.2d 310 (R.I.1994) (*Ferguson I*). The case was remanded to the Superior Court for further proceedings, in respect to Marshall's claim against Bennington. On remand, Marshall proceeded against Bennington on its cross-claim and, in addition, filed a third-party complaint against Ajax Construction Co. (Ferguson's employer or Ajax). Bennington and Ajax moved for summary judgment. The motion by Ajax was granted. Bennington's motion was denied. Marshall appealed from the summary judgment which had been entered in favor of Ajax. This Court affirmed the judgment in favor of Ajax in *Ferguson v. Marshall Contractors, Inc.*, 707 A.2d 660 (R.I.1998) (*Ferguson II*).

Marshall's cross-claim against Bennington then proceeded to trial in the Superior Court. However, prior to the introduction of evidence, Bennington filed a motion *in limine* which sought to exclude all evidence of any duty on the part of Bennington toward Ferguson. The trial justice granted the motion which rendered Marshall's claim impossible to prove. Therefore, the Court treated the motion as one for summary judgment and rendered judgment in favor of Bennington. Marshall

appealed, and this Court reversed the judgment in *Ferguson v. Marshall Contractors, Inc.*, 745 A.2d 147 (R.I.2000) (*Ferguson III*), on the ground that there were issues of fact to be determined, and that a motion *in limine* was an inappropriate remedy under the circumstances. The case was remanded to the Superior Court for trial on the merits.

The trial began on May 3, 2001 on Marshall's cross-claim against Bennington. In the course of that trial, evidence was introduced through testimony and documentary evidence that Bennington was hired by Marshall (who was the general contractor and construction manager) to perform the erection of steel on the project, which was a manufacturing facility for the Titleist Golf Division of Acushnet Company. Evidence was also presented that pursuant to the subject contract, Bennington agreed to be responsible for safety in respect to areas involved in Bennington's activities. Section 2.1 of the agreement between Bennington and Marshall was introduced into evidence and reads as follows:

"The Subcontractor agrees to perform the Subcontract Work in accordance with the Contract Documents, the Schedule of Documents and with all the skill and care consistent with the performance of such Work in the construction industry and according to usual construction industry practice. The Subcontractor agrees that it assumes in regard to the Subcontract Work all the responsibility and obligations which the Contractor assumed and agreed to perform for the Owner under the Construction Agreement. The Subcontractor agrees that its performance of the Subcontract Work will be conducted in accordance with all applicable governmental laws, regulations and requirements and shall be subject to the approval of the Contractor and, to the extent provided in the Contract Documents."

A project manager for Marshall testified that Bennington had agreed to abide by safety rules and regulations established by the contractor. He made reference to section 6.1 of the contract which provides:

"The Subcontractor agrees that in performance of the Subcontract Work it will:

a. provide and supply a sufficiency of properly skilled and other workmen and equipment and an adequacy of materials of the proper quality required to complete the Subcontract Work in accordance with this Agreement;

b. abide by the safety rules and regulations established by the Contractor or promulgated by any Federal, State, or local governmental body or agency with appropriate jurisdiction."

The project manager testified that the portion of the floor where Ferguson fell was under the control of Ajax and Bennington at the time of the accident, and that Marshall and its representatives had no physical presence in that area at the time of Ferguson's fall.

Other witnesses testified to the same effect, including a corporate safety director for the Gilbane Company, who was an expert in the subject of safety and Occupational Safety and Health Administration (OSHA) standards. This witness, John O'Donovan, testified that at the time of the accident, the steel erection was almost completed and that the steel subcontractors were wholly in control of the area in which the accident occurred.

When the trial justice considered the motion for judgment as a matter of law that had been filed by Bennington, he was required to view the evidence in the light most favorable to Marshall without weighing the evidence or evaluating the credibil-

ity of witnesses. He was also required to draw from the evidence all reasonable favorable inferences that would support Marshall's position. If after such a review there remain factual issues upon which reasonable persons might draw different conclusions, the motion for judgment as a matter of law must be denied. *Martino v. Leary,* 739 A.2d 1181, 1182 (R.I.1999) (per curiam); *DeChristofaro v. Machala,* 685 A.2d 258, 262 (R.I.1996).

This Court must apply the same standards as the Superior Court when reviewing the granting of a judgment as a matter of law by the Superior Court. *Kelly v. Rhode Island Public Transit Authority* 740 A.2d 1243, 1247 (R.I.1999). Considering the evidence that was presented by Marshall, we are of the opinion that if it is viewed in the most favorable light required by the foregoing cases, there is evidence which would support a finding by a reasonable jury that Bennington was negligent and that its negligence contributed to the injury suffered by Ferguson.

Consequently, we sustain Marshall's appeal, vacate the judgment entered in the Superior Court, and remand the case to that court for further proceedings consistent with this opinion.